# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM**<br>**MDL 3176** |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>80MILLS LLC, d/b/a TACTICAL TITAN SUPPLY, and PEARSON GARDNER,<br><br>    Defendants. | Civil Action No. 4:26-cv-00380-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>CHRISTOPHER COPE,<br><br>    Defendant. | Civil Action No. 2:26-cv-00033-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>DNT LLC, d/b/a DEEZ NUTZ TACTICAL, and ZACH MORROW,<br><br>    Defendants. | Civil Action No. 4:26-cv-00377-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>HANES TACTICAL, LLC, and DAMION TERRELL BENNETT,<br><br>    Defendants. | Civil Action No. 4:26-cv-00369-ALM |

| | |
|---|---|
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>HARRISON GUNWORKS LLC, and TYLER HARRISON,<br><br>    Defendants. | Civil Action No. 4:26-cv-00379-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>MARS TRIGGER, LLC, and PETER BRENNEN,<br><br>    Defendants. | Civil Action No. 2:26-cv-00030-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>MISTER GUNS, LLC, THOMAS CARTER II, and BRANDI CARTER,<br><br>    Defendants. | Civil Action No. 2:26-cv-00056-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>STEVEN THANH NGUYEN, d/b/a POLYMER PEW,<br><br>    Defendant. | Civil Action No. 4:26-cv-00425-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>OPTICS PLANET, INC., d/b/a ECENTRIA,<br><br>    Defendant. | Civil Action No. 4:26-cv-00521-ALM |

| | |
|---|---|
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., <br><br>     Plaintiffs, <br><br> v. <br><br> PISTOLCAP LIMITED COMPANY, d/b/a FRISCO GUNS, and MORDEKHAI HARROCH, <br><br>     Defendants. | Civil Action No. 2:26-cv-00053-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., <br><br>     Plaintiffs, <br><br> v. <br><br> PROSOURCE FIREARMS, LLC, <br><br>     Defendant. | Civil Action No. 2:26-cv-00055-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., <br><br>     Plaintiffs, <br><br> v. <br><br> SUPERIOR FIREARMS OF TEXAS, LLC, <br><br>     Defendant. | Civil Action No. 2:26-cv-00058-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., <br><br>     Plaintiffs, <br><br> v. <br><br> Z3 PRODUCTIONS, LLC, d/b/a Z3PRO, <br><br>     Defendant. | Civil Action No. 4:26-cv-00367-ALM |

## DEFENDANTS' MOTION TO STAY PRELIMINARY INJUNCTION PENDING RESOLUTION OF FEDERAL CIRCUIT APPEALS[1]

---

[1] Because this Motion is brought jointly by defendants subject to Plaintiffs' May 29, 2026 Consolidated Motion for Preliminary Injunction. *In re Rare Breed Triggers Patent Litigation*, No. 4:26-md-03176 (E.D. Tex.), Dkt. 7, and other PI-related filings discussed in this motion, this filing is one of a coordinated set of thirteen substantively identical or nearly identical motions.

## TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................................2

II.  BACKGROUND ............................................................................................4

   A.   Rare Breed's Prior Cases and Requests for Preliminary Injunctions on
        Appeal at the Federal Circuit.................................................................4

   B.   Rare Breeds Current Campaign Against the Defendants Here...............5

III. APPLICABLE LAW .....................................................................................6

IV.  ARGUMENT..................................................................................................7

   A.   The Federal Circuit's Rulings Will Likely Impact This Case ...............7

   B.   A Stay Will Not Prejudice Rare Breed .................................................9

   C.   The Case is in its Early Stages...........................................................11

V.   CONCLUSION.............................................................................................11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ABC IP, LLC et al. v. Peak Tactical, LLC,*
No. 2:26-cv-00018-KHR (D. Wyo.) ................................................................................ *passim*

*ABC IP LLC v. Peak Tactical LLC,*
No. 26-1527 (Fed. Cir.)..................................................................................2, 4, 5, 10

*ABC IP, LLC v. Timothy Hoffman,*
No. 1:25-cv-00389-CLC-CHS (E.D. Tenn.)...................................................................2, 3, 5

*ADT, LLC v. Capital Connect, Inc.,*
145 F. Supp. 3d 671 (N.D. Tex. 2015) ..............................................................................8

*Atrius Development Group Corporation, Inc. v. ABC IP, LLC, et al.,*
4-26-cv-00448 (E.D. Tex.)..................................................................................................11

*Atrius Development Group Corporation, Inc. v. ABC IP, LLC et al,*
7-26-cv-00211 (W.D. Tex.) ................................................................................................11

*High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.,*
49 F.3d 1551 (Fed. Cir. 1995)...........................................................................................8

*Houston Prime Invs., Ltd. v. Cmty. Loan Servicing, LLC,*
No. 4:23-cv-0996, 2024 WL 3390616 (S.D. Tex. Apr. 24, 2024).....................................7, 9

*Intel Corp. v. ULSI Systems Technology, Inc.,*
995 F.2d 1566 (Fed. Cir. 1993)..........................................................................................8

*Landis v. N. Am. Co.,*
299 U.S. 248 (1936)............................................................................................................6

*Nichols v. Alcatel USA, Inc.,*
No. 5:05-cv-43-DF, 2007 WL 9724542 (E.D. Tex. June 19, 2007)..........................................7

*Nutrition 21 v. United States,*
930 F.2d 867 (Fed. Cir. 1991).............................................................................................8

*In re Papst Licensing GMBH & Co. KG Patent Litigation,*
320 F. Supp.3d 132 (D.D.C. Aug. 15, 2018) .....................................................................9

*Polaris PowerLED Techs., LLC v. Dell Techs. Inc.,*
No. 1:22-cv-00275, 2024 WL 1546973 (W.D. Tex. Mar. 5, 2024)........................................11

*Timothy Hoffman v. ABC IP, LLC*,
No. 26-1775 (Fed. Cir.)................................................................................ *passim*

*Trover Grp., Inc. v. Dedicated Micros USA*,
No. 2:13-cv-1047-WCB, 2015 WL 1069179 (E.D. Tex. Mar. 11, 2015)...........................7, 11

*Village Green Techs., LLC v. Samsung Elecs. Co.*,
No. 2:22-cv-00099-JRG, 2023 WL 416419 (E.D. Tex. Jan. 25, 2023)...................................11

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
759 F.3d 1307 (Fed. Cir. 2014).......................................................................................11

**Statutes**

28 U.S.C. §§ 1292(a)(1) and (c)(1)..................................................................................5

The Defendants[2] in the thirteen above-captioned cases, via several separately-filed motions, seek the following:

(1) an emergency stay of all deadlines for Defendants' responses to Plaintiffs' consolidated preliminary-injunction-related filings—including the Consolidated Motion for Preliminary Injunction ("PI Motion"), Dkt. 7[3]; the Consolidated Motion for Expedited Discovery, Dkt. 11; the Motion to Seal, Dkt. 5; and the Motion for Excess Pages, Dkt. 12;

(2) a twenty-one day period for the parties to confer on threshold procedural issues arising from Plaintiffs' consolidated filings and submit agreed orders and/or competing proposals on procedural disputes; and

(3) after the conferral period, a status conference with the Court to address threshold procedural issues, including briefing schedule, protective order or other confidentiality protocol, reciprocal discovery procedures, bond/security issues, and the pleading status of the patents on which Plaintiffs seek emergency relief, and to hear argument, if helpful to the Court, on Defendants' other separately-filed related motions, specifically:

---

[2] "**Defendants**" in this Motion refers collectively to 80Mills LLC, d/b/a Tactical Titan Supply, and Pearson Gardner; Christopher Cope; DNT LLC, d/b/a Deez Nutz Tactical, and Zach Morrow; Hanes Tactical, LLC, and Damion Terrell Bennett; Harrison Gunworks LLC, and Tyler Harrison; Mars Trigger, LLC, and Peter Brennen; Mister Guns, LLC, Thomas Carter II, and Brandi Carter; Steven Thanh Nguyen, d/b/a/ Polymer Pew; Optics Planet, Inc., d/b/a Ecentria; PistolCap Limited Company, d/b/a Frisco Guns, and Mordekhai Harroch; Prosource Firearms, LLC; Superior Firearms of Texas, LLC; and Z3 Productions, LLC, d/b/a Z3Pro.

On June 3, 2026, certain of these defendants filed Motions to Stay and Enlarge Deadlines Relating to Plaintiffs' Consolidated Preliminary Injunction Filings, Require a Structured Conferral Process, and Set a Status Conference. These defendants understand, and expressed to the Court, that certain other defendants either have or will soon file a separate motion to say all preliminary-injunction proceedings, thus requesting highly-similar relief as that sought in the first-filed Motion.

[3] For the parties' and Court's convenience, unless otherwise noted, citations are made to the docket numbers in the MDL proceeding (4:26-md-03176), where Plaintiffs originally made all preliminary-injunction-related filings on May 29, 2026. *See supra*, n.1.

1

a) Joint Motion to Hold in Abeyance Plaintiffs' Consolidated Motion for Preliminary Injunction, which seeks to hold Plaintiffs' PI Motion in abeyance until Plaintiffs obtain leave to amend the operative complaints to assert the patents on which they seek preliminary relief, including the newly issued '403 patent, and

b) Joint Motion to Stay Plaintiffs' PI Motion Pending Federal Circuit Appeals, which seeks to stay Plaintiffs' PI Motion pending the Federal Circuit's rulings in the related *Partisan* and *Hoffman* preliminary-injunction appeals, which involve overlapping issues concerning Rare Breed's asserted irreparable harm, balance of hardships, public interest, and likelihood of success.

This motion addresses Defendants' request that Plaintiffs' PI Motion be stayed pending the Federal Circuit appeals related to the *Partisan* and *Hoffman* preliminary-injunction rulings.

## I.    INTRODUCTION

Rare Breed[4]'s Motion for a Preliminary Injunction (Dkt. 7) raises issues that overlap with its two prior injunction requests that are now on appeal at the Federal Circuit, the *Partisan* case[5] and the *Hoffman* case.[6] Those cases involved the same plaintiff (Rare Breed) seeking to enjoin parties for infringement of two of the four patents-at-issue in these cases. For that reason, and those below, Defendants respectfully request that the Court stay Rare Breed's preliminary injunction request in this case until the Federal Circuit rules on the appeal of the *Partisan* case and the *Hoffman* case.

---

[4] "Rare Breed" in this Motion refers to the Rare Breed entities, including ABC IP, LLC, Rare Breed Triggers, Inc., Rare Breed Triggers, LLC, Rare Breed Firearms LLC, XYZ Distribution LLC (f/k/a "XYZ Distribution" or "RB Trig LLC"), DEF Consulting LLC, and the individuals and other entities named in Defendants' pleadings.

[5] The "*Partisan* case" in this Motion refers to the *ABC IP LLC v. Peak Tactical LLC*, No. 26-1527 (Fed. Cir.) and *ABC IP, LLC et al. v. Peak Tactical, LLC*, No. 2:26-cv-00018-KHR (D. Wyo.).

[6] The "*Hoffman* case" in this Motion refers to *Timothy Hoffman v. ABC IP, LLC*, No. 26-1775 (Fed. Cir.) and *ABC IP, LLC v. Timothy Hoffman*, No. 1:25-cv-00389-CLC-CHS (E.D. Tenn.).

First, the Federal Circuit's rulings are likely to impact the injunction issues in this case. In *Partisan*, the District Court concluded that Rare Breed failed to carry its burden on all four preliminary injunction factors, including irreparable harm, the balance of harms, and likelihood of success on the merits. *ABC IP, LLC v. Peak Tactical, LLC*, No. 2:26-cv-00018-KHR (Dkt. 39) (D. Wyo. Feb. 13, 2026) (attached as Ex. A).

Rare Breed's claim of irreparable harm in this case is weaker than its claims in *Partisan*: Hoffman released the Super Safety design in July 2023, and Atrius released its forced-reset trigger in May 2024. But Rare Breed did not file any lawsuit until June 2025—over a year later—and never sued Atrius directly. Rare Breed still has not answered Atrius's non-infringement declaratory judgment complaints. And even after filing its initial lawsuit, Rare Breed waited for almost a year before seeking injunctive relief. The *Partisan* defendants prevailed on these bases at the trial court and, if upheld by the Federal Circuit, these same bases should preclude any preliminary injunction here.

Additionally, the balance-of-harm analysis from *Partisan* applies here. Like the *Partisan* defendants, an injunction here would significantly harm defendants' business. The *Partisan* Court also found a substantial question of patent validity, precluding Rare Breed from establishing a likelihood of success on the merits. Thus, much of the *Partisan* analysis applies here and warrants denying Rare Breed's request for a preliminary injunction. In *Hoffman*, on a different record, the District Court reached a different result and issued a preliminary injunction. *ABC IP, LLC v. Hoffman*, No. 1:25-cv-00389-CLC-CHS (Dkts. 45 and 46) (E.D. Tenn. Feb. 11, 2026).

Rare Breed has appealed the *Partisan* decision, and the *Hoffman* case is also on appeal. Defendants expect the Federal Circuit to uphold the *Partisan* decision. But, in any case, the Federal

3

Circuit's rulings and guidance on those appeals could directly impact Rare Breed's preliminary injunction request, including Rare Breed's ability to show irreparable harm.

Second, a brief stay will not unduly prejudice Rare Breed. The *Partisan* and *Hoffman* cases are currently before the Federal Circuit. Rare Breed has requested to expedite the *Partisan* appeal, and briefing will be completed within two weeks[7], with the Federal Circuit to schedule oral argument for "the next available argument session after briefing is complete." *ABC IP v. Peak Tactical LLC*, No. 26-1527, Order (Dkt. 27) (Fed. Cir. Apr. 15, 2026) (attached as Ex. B). On the other side, Rare Breed delayed filing the cases in which it now seeks a preliminary injunction and then waited almost a year to seek injunctive relief. And despite seeking to enjoin the selling of Atrius's products, it has not sued Atrius directly.

Third, this case is in its early stages. The Court has not entered a schedule, and Rare Breed has not answered Atrius's declaratory judgment complaint. This weighs in favor of a stay.

## II.    BACKGROUND

### A.    Rare Breed's Prior Cases and Requests for Preliminary Injunctions on Appeal at the Federal Circuit

Rare Breed filed suit against Timothy Hoffman and Hoffman Tactical LLC in the Eastern District of Tennessee on December 23, 2025. Around the same time, Rare Breed sued Peak Tactical, LLC d/b/a Partisan Triggers in the District of Wyoming. In January, Rare Breed moved for a preliminary injunction and temporary restraining order in both cases.

The District Courts ruled on Rare Breed's motions in February. In *Partisan*, the District Court denied Rare Breed's motions. Ex. A at 8. In denying Rare Breed's motion, the Court found that all four preliminary injunction factors weighed against Rare Breed. *Id.* On irreparable harm,

---

[7] Rare Breed filed its opening appeal brief on April 13, 2026 (Dkt. 26), Peak Tactical filed its responsive brief on May 26, 2026 (Dkt. 31), and Rare Breed's reply brief is due by June 16, 2026.

the Court found that Rare Breed presented insufficient evidence of price erosion, loss of market share, and reputational damage, and that any harm would be compensable through money damages. *Id.* at 9–17. On likelihood of success on the merits, the Court found that Partisan raised a substantial question of validity and that Rare Breed had not sufficiently demonstrated a likelihood of success. *Id.* at 18–31. On the balance of equities, the court credited Partisan's position that an injunction would force the company out of business. *Id.* at 31–32. On public interest, the Court concluded that because Rare Breed had not demonstrated irreparable harm, the public interest did not weigh in favor of injunctive relief. *Id.* at 32–34. In *Hoffman*, the District Court granted Rare Breed's motions, finding that the likelihood of success, irreparable harm, balance of equities, and public interest factors favored Rare Breed. *ABC IP, LLC v. Hoffman*, No. 1:25-cv-00389-CLC-CHS (Dkts. 45 and 46) (E.D. Tenn. Feb. 11, 2026).

The rulings are now on appeal on an interlocutory basis under 28 U.S.C. §§ 1292(a)(1) and (c)(1). Rare Breed has moved to expedite the *Partisan* appeal, which will be fully briefed within two weeks. The Court will thereafter schedule oral argument for "the next available argument session after briefing is complete." Ex. B. The *Hoffman* appeal was docketed in early May, and briefing begins in early July. *ABC IP v. Hoffman*, No. 26-1775, Docketing of Appeal (Fed. Cir. May 5, 2026) (stating in the docket entry that "Appellant's brief is due on 07/06/2026").

**B.     Rare Breeds' Current Campaign Against the Defendants Here**

The Super Safety design was released in July 2023, and Atrius released its forced-reset trigger in May 2024. Beginning in June 2025, Rare Breed filed its first suits against sellers of forced-reset trigger products. In January, Rare Breed had expanded its campaign to target Atrius's distributors directly, filing suit against Hawkphin Sales, LLC in the Southern District of Iowa based on sales of the Atrius Selektor. Rare Breed then filed over two dozen other cases against the forced reset trigger industry in late 2025 and early 2026. It is still filing cases.

In February 2026, Atrius filed a declaratory judgment action against Rare Breed in the Western District of Texas, seeking declarations that Atrius did not infringe Rare Breed's patents and that those patents are invalid and unenforceable due to inequitable conduct.[8] Around the same time, Rare Breed's cases were pending transfer to a multi-district litigation ("MDL") proceeding, which remains ongoing. On April 2, 2026, the U.S. Judicial Panel on Multidistrict Litigation transferred six cases to the Eastern District of Texas and subsequently issued conditional transfer orders. Multiple defendants have moved to vacate the transfer orders or request that their cases be remanded to the original courts, and Atrius has moved to remand its declaratory judgment action to the Western District of Texas.

The motions before the MDL panel remain pending, and Rare Breed (and its principals) have not answered Atrius's declaratory judgment complaint. On May 26, 2026, Atrius filed a declaratory judgment action in the Western District of Texas to address a Rare Breed patent that issued that same day (the '403 Patent). *Atrius Dev. Grp. Corp., Inc. v. ABC IP, LLC, et al.*, No. 7:26-cv-00211-DC (W.D. Tex.), Dkt. 1 (attached as Ex. C).

## III.   APPLICABLE LAW

A court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts deciding whether to stay a case pending a related proceeding generally consider three factors: "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been

---

[8] *Atrius Dev. Grp. Corp., Inc. v. ABC IP, LLC, et al.*, No. 4:26-cv-00448-ALM (E.D. Tex.), Dkt. 1 (Original Complaint filed in W.D. Tex. (7:26-cv-00057-DC-DTG)), Dkt. 23 (First Amended adding '159 Patent).

set, and (3) whether the stay will simplify issues in question in the litigation." *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-cv-1047-WCB, 2015 WL 1069179, at *2 (E.D. Tex. Mar. 11, 2015). A stay pending resolution of an interlocutory appeals can be appropriate where "the issues on appeal are intertwined with issues that remain pending in the district court," *Houston Prime Invs., Ltd. v. Cmty. Loan Servicing, LLC*, No. 4:23-cv-0996, 2024 WL 3390616, at *2 (S.D. Tex. Apr. 24, 2024); *see also Nichols v. Alcatel USA, Inc.*, No. 5:05-cv-43-DF, 2007 WL 9724542, at *2 (E.D. Tex. June 19, 2007) (granting stay pending interlocutory appeal where the appellate ruling would "have substantial impact on the pre-trial and trial proceedings").

## IV.   ARGUMENT

### A.   The Federal Circuit's Rulings Will Likely Impact This Case

The Federal Circuit's rulings will likely impact this case. A central inquiry here is whether Rare Breed can show irreparable harm—and the *Partisan* Court concluded that Rare Breed would not face irreparable harm. Similarly, the Court concluded that the balance of harms—including the harm to defendants' business—weighed against entering an injunction. Last, the *Partisan* Court concluded that the public interest further weighed against an injunction. Although the *Partisan* and *Hoffman* cases involve different accused products, the Federal Circuit's rulings will directly bear on the preliminary injunction analysis here. The overlapping issues—irreparable harm, the balance of equities, and the public interest—are not product-specific; they concern the same patentee asserting the same types of harm in the same competitive landscape.

The Federal Circuit's guidance on those issues is likely to apply here. On irreparable harm, the *Partisan* Court found that Rare Breed's claims of price erosion, lost market share, and reputational harm were "insufficient to independently establish irreparable harm." Ex. A at 9-17. Rare Breed has a weaker case here. It waited over a year before filing these cases and, after filing suit, waited six months to a year before requesting a preliminary injunction. *See, e.g., High Tech*

*Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 49 F.3d 1551, 1557 (Fed. Cir. 1995) (finding that a 17-month delay after a reissue patent issued weighed against a preliminary injunction); *Nutrition 21 v. United States*, 930 F.2d 867, 872 (Fed. Cir. 1991) (delaying for a substantial period of time "suggests that the *status quo* does not irreparably damage" the plaintiff) (emphasis in original); *ADT, LLC v. Capital Connect, Inc.*, 145 F. Supp. 3d 671, 698 (N.D. Tex. 2015) (holding that an eight-month delay without justification meant failure to prove imminent need for injunctive relief).

On the balance of hardships, the Court credited defendants' testimony that "granting the injunction would effectively put Partisan Triggers and their other three affiliated companies out of business" because "[t]hese triggers are their entire business" and the company had "spent a million and a half dollars bringing this trigger to market." *ABC IP, LLC v. Peak Tactical, LLC*, No. 2:26-cv-00018-KHR (Dkt. 33) at 123:21-24 (D. Wyo. Feb. 6, 2026) (attached as Ex. D). These same findings are likely to apply. For example, Plaintiff seeks to enjoin Atrius's major customers from selling Atrius products—and the <u>only</u> products Atrius sells are the forced-reset triggers at issue in this case. The *Partisan* Court's analysis thus weighs against an injunction here. *See, e.g.*, *Intel Corp. v. ULSI Systems Technology, Inc.*, 995 F.2d 1566, 1568, 1570 (Fed. Cir. 1993) (upholding finding that the balance of harm favored the defendant where the accused product was the defendant's only product and the defendant "'would in all likelihood be forced out of business' if it were enjoined").

The Federal Circuit's rulings will also address likelihood of success on the merits. In *Partisan*, the District Court found that Partisan raised a "substantial question of validity" sufficient to preclude a finding that Rare Breed demonstrated a likelihood of success. Ex. A. at

18–31. The Federal Circuit's guidance on the validity challenges—and on the standard Rare Breed must meet to establish likelihood of success—is also likely to apply here.

The Federal Circuit's rulings on these issues will likely impact this case, regardless of the outcome of the appeals. The Court's affirmance in the *Partisan* case will likely eliminate Rare Breed's basis to seek injunctive relief here. But even a reversal or vacating of the District Court's *Partisan* decision will also simplify this case. At a minimum, the Federal Circuit's ruling will streamline the inquiry and focus discovery. The parties and the Court will have the benefit of the Federal Circuit's guidance on these issues. The same is true for the *Hoffman* case. And, whatever the Federal Circuit's ultimate rulings, that Court's analysis of Rare Breed's preliminary injunction motion will eliminate the potential for conflicting rulings on issues common across Rare Breed's cases—Rare Breed's ability to show irreparable harm, the potential for defendants to go out of business if a preliminary injunction issues, and the public interest. This factor thus weighs in favor of staying Rare Breed's request for a preliminary injunction. *See Houston*, 2024 WL 3390616, at *2 (granting stay where "the issues on appeal are intertwined with issues that remain pending in the district court" and "conserving judicial resources by staying litigation pending appeal is in the public interest"); *In re Papst Licensing GMBH & Co. KG Patent Litigation*, 320 F. Supp.3d 132, 139 (D.D.C. Aug. 15, 2018) (granting stay pending Federal Circuit appeals where "the pending Federal Circuit appeals provide sufficient basis to grant . . . a stay" and where the appeals "are likely to resolve a number of significant issues" that "overlap[] in significant respects" with remaining issues).

### B.    A Stay Will Not Prejudice Rare Breed

A brief stay to allow the Federal Circuit to address the *Partisan* and *Hoffman* appeals will not prejudice Rare Breed. The Federal Circuit typically expedites interlocutory appeals of rulings on a preliminary injunction. Practice Notes to Fed. Cir. R. 27 (explaining that expediting an appeal

9

is appropriate where "the normal briefing and disposition schedule may adversely affect one of the parties, as in appeals involving preliminary or permanent injunctions"). The *Partisan* case is on a fast track. That case will be briefed in two weeks and argued on the next available date. Ex. B (explaining that the Court will set the case for "the next available argument session after briefing is complete"). The Federal Circuit recently docketed the *Hoffman* case, and Rare Breed can seek to expedite that appeal if it chooses to do so (including filing its own brief early). There is no reason that the Federal Circuit cannot rule in the *Hoffman* case in short order (briefing is set to begin next month). *ABC IP v. Hoffman*, No. 26-1775, Docketing of Appeal (Fed. Cir. May 5, 2026) ("Appellant's brief is due on 07/06/2026"). This schedule suggests that a stay will be relatively short.

Rare Breed has also delayed seeking injunctive relief in these cases. Rare Breed did not file suits for at least a year after the accused products launched. Rare Breed has been filing patent infringement cases for almost a year. But it never sued Atrius directly. Nor did it ever seek to enjoin Atrius's customers or Atrius from selling the Atrius products. Similarly, Rare Breed did not seek to enjoin companies that manufacture products based on the Super Safety design—even though it first brought suit against those companies almost a year ago. This delay weighs against finding that Rare Breed will be prejudiced by the short stay to wait on the Federal Circuit's rulings. *See, e.g.*, *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014) (finding patentee would not be prejudiced by an at-least one-year stay pending covered-business method review where the patentee "for some unexplained reason, waited nearly a year after the '413 patent issued before it filed suit against Defendants" and never sought a preliminary injunction); *Polaris PowerLED Techs., LLC v. Dell Techs. Inc.*, No. 1:22-cv-00275, 2024 WL 1546973, at *4 (W.D. Tex. Mar. 5, 2024) ("Plaintiff's decision to wait more than a year to file suit on the '117

10

patent weighs against its claim that it will be unduly prejudiced by maintaining the stay.");

*Village Green Techs., LLC v. Samsung Elecs. Co.*, No. 2:22-cv-00099-JRG, 2023 WL 416419, at

*2 (E.D. Tex. Jan. 25, 2023) (finding no undue prejudice where "Plaintiff waited more than one

year after the issuance of the '401 Patent and three years after the issuance of the '663 Patent to

file its Complaint").

### C. The Case is in its Early Stages

Last, this case is in its earliest stages. Rare Breed has yet to answer Atrius's declaratory

judgment complaints,[9] MDL procedural objections remain pending, and no Docket Control Order,

discovery schedule, or claim construction timeline is in place. A stay imposes no procedural cost—

there is no schedule to disrupt and no deadlines to reset. *See Trover*, 2015 WL 1069179, at *2.

This posture further weighs in favor of a stay.

## V. CONCLUSION

Defendants respectfully request that the Court grant this Motion to Stay.

Dated: June 4, 2026

Respectfully submitted,

/s/ *Scott A. Burow*
Scott A. Burow
Texas State Bar No. 24152884

Jason S. Shull (*pro hac vice forthcoming*)
Grace E. Beach (*pro hac vice forthcoming*)
sburow@bannerwitcoff.com
jshull@bannerwitcoff.com
gbeach@bannerwitcoff.com

**BANNER WITCOFF, LTD**
71 South Wacker Drive, Suite 3600

---

[9] In those actions, Atrius seeks declarations of non-infringement, invalidity, and unenforceability of Rare Breed's patents. *Atrius Development Group Corporation, Inc. v. ABC IP, LLC, et al.*, 4-26-cv-00448 (E.D. Tex.); *Atrius Development Group Corporation, Inc. v. ABC IP, LLC et al*, 7-26-cv-00211 (W.D. Tex.).

Chicago, IL 60606
Telephone: (312) 463-5000
Fax: (312) 463-5001

**Attorneys for Defendant OpticsPlanet, Inc.,
d/b/a Ecentria**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was served on all counsel of record via the Court's ECF system on June 4, 2026.

/s/ *Scott A. Burow*
Scott A. Burow

## CERTIFICATE OF CONFERENCE

I hereby certify that pursuant to Local Rules CV-7(h) and (i), counsel for Defendants conferred with counsel for Plaintiffs on June 2, 2026 regarding this motion. Specifically, on June 2, 2026, counsel for the Atrius Customer Defendants (Ed Chin, Christian Hurt, Brandon Merrill, Garrett Griggs, Conor Civins), Defendant Optics Planet, Inc. (Scott Burow, Grace Beach), and Defendants 80Mills LLC, Pearson Gardner, DNT LLC, Zach Morrow, Hanes Tactical LLC, Damion Terrell Bennett, Harrison Gunworks LLC, Tyler Harrison, Steven Thanh Nguyen, and Z3 Productions, LLC (John Skeriotis, Sergey Vernyuk) conferred with counsel for Plaintiffs (Ben Christoff, Jory Hoffman) via video conference. During the conference, counsel discussed the relief requested in this Motion. Plaintiffs indicated that they are opposed.

/s/ *Scott A. Burow*
Scott A. Burow

12