**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| In Re: Rare Breed Triggers Patent Litigation | 4:26-md-03176-ALM<br>MDL 3176 |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>MARS TRIGGER, LLC, and PETER BRENNEN,<br><br>　　　　Defendants. | Civil Action No. 2:26-cv-00030-ALM<br><br>JURY TRIAL DEMANDED |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>MISTER GUNS, LLC, THOMAS CARTER II, and BRANDI CARTER<br><br>　　　　Defendants. | Civil Action No. 2:26-cv-00056-ALM<br><br>JURY TRIAL DEMANDED |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>OPTICS PLANET, INC., d/b/a ECENTRIA,<br><br>　　　　Defendant. | Civil Action No. 4:26-cv-00521-ALM<br><br>JURY TRIAL DEMANDED |

| | |
|---|---|
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., | Civil Action No. 2:26-cv-00053-ALM |
| Plaintiffs, | JURY TRIAL DEMANDED |
| v. | |
| PISTOLCAP LIMITED COMPANY, d/b/a FRISCO GUNS, and MORDEKHAI HARROCH, | |
| Defendants. | |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., | Civil Action No. 2:26-cv-00055-ALM |
| Plaintiffs, | JURY TRIAL DEMANDED |
| v. | |
| PROSOURCE FIREARMS, LLC, | |
| Defendant. | |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., | Civil Action No. 2:26-cv-00058-ALM |
| Plaintiffs, | JURY TRIAL DEMANDED |
| v. | |
| SUPERIOR FIREARMS OF TEXAS, LLC, | |
| Defendant. | |

**ABC IP, LLC AND RARE BREED TRIGGERS, INC.'S OPPOSITION TO CERTAIN DEFENDANTS' OPPOSED MOTION TO STAY AND ENLARGE DEADLINES RELATING TO PLAINTIFFS' CONSOLIDATED PRELIMINARY-INJUNCTION FILINGS, REQUIRE A STRUCTURED CONFERRAL PROCESS, AND SET A STATUS CONFERENCE**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................ 1

FACTUAL BACKGROUND.............................................................................................. 2

    I.    Rare Breed Created the Market, Fought Four Years to Sell Its Products, and Emerged Under a Settlement That Requires It to Enforce Its Patents.................... 2

    II.    This MDL and the Consolidated Preliminary-Injunction Motion. ........................ 4

    III.    The Parties' Coordination and Conferral.............................................................. 4

ARGUMENT....................................................................................................................... 6

    I.    Defendants Show No Good Cause to Suspend the Deadlines Because They Already Have What a Response Requires and Suffer No Prejudice. ..................... 6

        A.    Defendants Have the Notice and the Conferral the Rules Require............. 6

        B.    Every Procedural Condition Defendants Invoke Has Been Met or Offered. .................................................................................................................... 8

        C.    The Pleading Status of the Recently Issued Patents Is No Basis to Suspend the Deadlines.............................................................................................. 9

    II.    The Delay Defendants Seek Would Prolong Ongoing, Irreparable Harm, and What They Request Is in Substance an Open-Ended Stay. ................................. 10

CONCLUSION.................................................................................................................. 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ABC IP, LLC et al. v. Hawkphin Sales, LLC et al.*,
No. 4:26-cv-00015, D.I. 26 (S.D. Iowa June 3, 2026)..................................................................9

*ABC IP, LLC et al. v. Hush Distribution, LLC*,
No. 2:26-cv-00054, D.I. 18 (E.D. Tex. June 1, 2026) ...............................................................9

*ABC IP, LLC et al. v. MaRs Trigger, LLC, et al.*,
No. 26-cv-00030, D.I. 37 (E.D. Tex. June 4, 2026) ...............................................................1

*ABC IP, LLC et al. v. Mister Guns, LLC et al.*,
No. 26-cv-00056, D.I. 43 (E.D. Tex. June 3, 2026) ...............................................................1

*ABC IP, LLC et al. v. Optics Planet Inc.*,
No. 4:26-cv-00521, D.I. 59 (E.D. Tex. June 4, 2026) ...................................................... *passim*

*ABC IP, LLC et al. v. PistolCap Ltd. Co., et al.*,
No. 26-cv-00053, D.I. 40 (E.D. Tex. June 3, 2026) ...............................................................1

*ABC IP, LLC et al. v. Prosource Firearms, LLC*,
No. 26-cv-00055, D.I. 40 (E.D. Tex. June 3, 2026) ...............................................................1

*ABC IP, LLC et al. v. Superior Firearms of Texas*,
No. 26-cv-00058, D.I. 42 (E.D. Tex. June 3, 2026) ...............................................................1

*Cargill v. Garland*,
602 U.S. 406 (2024)..................................................................................................................3

*Douglas Dynamics, LLC v. Buyers Prods. Co.*,
717 F.3d 1336 (Fed. Cir. 2013)..............................................................................................10

*Granny Goose Foods, Inc. v. Bhd. of Teamsters*,
415 U.S. 423 (1974)..................................................................................................................6

*Katz v. Lear Siegler, Inc.*,
909 F.2d 1459 (Fed. Cir. 1990)..............................................................................................10

*Kirchheiner v. Home Depot U.S.A., Inc.*,
No. 1:19-CV-135, 2021 WL 2953174 (E.D. Tex. Feb. 12, 2021) ...........................................7

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936)................................................................................................................12

*Morrison v. Walker*,
No. 1:13-cv-327, 2014 WL 11512240 (E.D. Tex. Dec. 2, 2014) ............................................7

**TABLE OF AUTHORITIES (Continued)**

**Page(s)**

*In re Rare Breed Triggers Pat. Litig.*,
No. 4:26-md-03176-ALM, D.I. 7 (E.D. Tex. May 29, 2026)........................................... *passim*

*Robert Bosch LLC v. Pylon Mfg. Corp.*,
659 F.3d 1142 (Fed. Cir. 2011).........................................................................................11

*Trebro Mfg., Inc. v. Firefly Equip., LLC*,
748 F.3d 1159 (Fed. Cir. 2014).........................................................................................10

*Wedgeworth v. Fibreboard Corp.*,
706 F.2d 541 (5th Cir. 1983) ............................................................................................11

**Other Authorities**

Fed. R. Civ. P. 15(a)(2)........................................................................................................9

Fed. R. Civ. P. Rule 65 .......................................................................................................1

Fed. R. Civ. P. Rule 65(a)(1) ..............................................................................................6

**INTRODUCTION**

Rare Breed is losing the market it pioneered.  Its Consolidated Motion for Preliminary Injunction seeks to halt continued sales of three products that undercut Rare Breed's prices and take its market share.  (*See In re Rare Breed Triggers Pat. Litig.*, No. 4:26-md-03176-ALM, D.I. 7 (E.D. Tex. May 29, 2026) ("P.I. Mot.").)  Defendants do not answer that motion.  They instead ask the Court to stay every deadline for responding to the motion pending a twenty-one-day conferral period and a later (as of yet to be scheduled) status conference—amongst a slew of other excuses for not answering the motion.  (*See ABC IP, LLC et al. v. Optics Planet Inc.*, No. 4:26-cv-00521, D.I. 59 (E.D. Tex. June 4, 2026) ("Mot.").[1])  This is one of three coordinated motions by which Defendants seek to defer any response to Rare Breed's request for an injunction.  A preliminary-injunction motion suspended onto no timetable is a denial in all but name, and each week of delay means lost market share, price erosion, and customers Rare Breed may never recover.

Defendants have the notice and process Rule 65 requires.  Before filing, Plaintiffs described each motion they would file—the accused products, the patents, the page limits, and the expedited discovery.  After filing, Plaintiffs gave Defendants' outside counsel and experts access to the sealed record, filed public redacted versions ahead of the deadline, agreed to a two-week extension,

---

[1] Six Defendant groups filed near-identical Motions to Stay and Enlarge Deadlines Relating to Plaintiffs' Consolidated Preliminary Injunction Filings, Require a Structured Conferral Process, and Set a Status Conference.  *See ABC IP, LLC et al. v. Mister Guns, LLC et al.*, No. 26-cv-00056, D.I. 43 (E.D. Tex. June 3, 2026); *ABC IP, LLC et al. v. PistolCap Ltd. Co., et al.*, No. 26-cv-00053, D.I. 40 (E.D. Tex. June 3, 2026); *ABC IP, LLC et al. v. Prosource Firearms, LLC*, No. 26-cv-00055, D.I. 40 (E.D. Tex. June 3, 2026); *ABC IP, LLC et al. v. Superior Firearms of Texas*, No. 26-cv-00058, D.I. 42 (E.D. Tex. June 3, 2026); *ABC IP, LLC et al. v. Optics Planet Inc.*, No. 4:26-cv-00521, D.I. 59 (E.D. Tex. June 4, 2026); *ABC IP, LLC et al. v. MaRs Trigger, LLC, et al.*, No. 26-cv-00030, D.I. 37 (E.D. Tex. June 4, 2026).  The motion filed by the defendants in the Optics Planet, Inc. case is representative of the motions filed by all defendants.  Thus, for convenience, this brief includes citations only to the motion filed by the defendants in the Optics Planet, Inc. case.

proposed an expedited schedule and a prompt status conference, and offered to bear Defendants'

costs of addressing the recently issued patents if leave to amend were denied.  Every threshold

concern the motion raises has already been met or offered.

But Defendants will not agree to the relief Plaintiffs seek, and no further conferral will

change that.  The Court should deny the motion and set a schedule that brings the preliminary-

injunction motion to decision rather than freezing it.

## FACTUAL BACKGROUND

**I.    Rare Breed Created the Market, Fought Four Years to Sell Its Products, and Emerged Under a Settlement That Requires It to Enforce Its Patents.**

Plaintiff ABC IP, LLC ("ABC") owns a portfolio of patents covering what it has coined

"forced reset" trigger technology—trigger components that allow a semi-automatic rifle to fire

faster follow-up shots while still requiring a separate trigger pull for each shot.  (P.I. Mot. at 4.)[2]

ABC has exclusively licensed those patents to Plaintiff Rare Breed Triggers, Inc. ("RBT"), which

designs, manufactures, and sells the trigger products that practice them.  (P.I. Mot. at 4.)  (ABC

and RBT are referred to together as "Rare Breed.")  Rare Breed brought the first commercially

available forced reset trigger, the FRT-15®, to market at the end of 2020.  (*In re Rare Breed*

*Triggers Pat. Litig.*, No. 4:26-md-03176-ALM, D.I. 7-02 at ¶ 7 (E.D. Tex. May 29, 2026)

("DeMonico Decl.").)  The FRT®[3] line of trigger products is Rare Breed's entire business; it sells

no other firearms or accessories, and it has marketed its FRT line as a premium, no-discount

product.  (*Id.* at ¶¶ 24, 60.)

---

[2] In a forced reset trigger mechanism, cycling of the bolt carrier or bolt causes the trigger
member to be mechanically moved to the reset position so that the user may pull the trigger
again, discharging the firearm, without having to first reduce pressure from the trigger.

[3] Plaintiff Rare Breed Triggers, Inc., is the exclusive licensee of various registered and applied-
for trademarks, covering its line of forced-reset-trigger products, including FRT® (Reg. No.
8187914), FRT-15® (Reg. No. 7004418), and FRT-MR3™ (App. No. 99714625).

That business was nearly destroyed before it began.  About nine months after the FRT-15 launched, the ATF asserted that the product was a machine gun.  (*Id.* at ¶ 11.)  Rare Breed disputed that classification and filed declaratory-judgment actions; the Department of Justice responded with a civil enforcement action and, in 2023, obtained both a temporary restraining order and a preliminary injunction that shut down Rare Breed's operations and barred Rare Breed from enforcing its patents.  (*Id.* at ¶¶ 11–13; P.I. Mot. at 20.)

The landscape then shifted.  After the Supreme Court held in *Cargill v. Garland*, 602 U.S. 406 (2024), that the government had exceeded its authority in regulating bump stocks, the Northern District of Texas declared Rare Breed's products to be lawful semi-automatic triggers.  (DeMonico Decl. at ¶ 14.)  In May 2025, Rare Breed and the DOJ settled.  (*Id.*)  Under the settlement, Rare Breed's products may be sold lawfully, subject to conditions—including that Rare Breed will not develop forced reset triggers for handguns, will promote the safe and responsible use of its products, and will enforce its patents against infringing products.  (*Id.* at ¶ 15.)  The settlement thus did two things at once: it lifted the bar that had prevented Rare Breed from enforcing its patents, and it affirmatively obligated Rare Breed to do so.

Rare Breed has enforced its patents whenever permitted.  Before the DOJ injunction, it obtained a preliminary injunction and then a consent judgment and permanent injunction against an earlier infringer.  (P.I. Mot. at 20–21.).  In March and April 2025, Rare Breed sent cease-and-desist letters to many of the Defendants.  (DeMonico Decl. at ¶ 34.)  After the May 2025 settlement lifted the enforcement bar, Rare Breed began filing suit in June 2025, and has since filed roughly eighty infringement actions.  (*Id*. at ¶ 17.)  By the time of the settlement, Rare Breed had already identified roughly seventy companies selling infringing forced reset trigger products, and that number has continued to grow on a near-daily or weekly basis.  (*Id.* at ¶ 58.)

The accused products at issue in the preliminary-injunction motion are three cam-based devices that compete directly with Rare Breed's line of products—the Super Safety, the ARC-Fire, and the Atrius Selector—sold by the thirteen Defendant groups at a fraction of Rare Breed's prices: while Rare Breed prices its products from roughly $450 to $620, Defendants sell the accused products for as little as $20.  (P.I. Mot. at 1–2, 31.)

## II.    This MDL and the Consolidated Preliminary-Injunction Motion.

As Rare Breed's enforcement actions multiplied across the country, the Judicial Panel on Multidistrict Litigation centralized them in this District, creating this MDL on April 2, 2026.  (P.I. Mot. at 22.)  The Panel did so specifically to eliminate duplicative discovery and to "prevent inconsistent pretrial rulings—especially regarding claim construction, patent validity, and the appropriateness of injunctive relief," observing that too narrow a centralization "may lead to inconsistent injunction decisions" across courts.  (*Id.*)

On May 29, 2026, Rare Breed filed its Consolidated Motion for Preliminary Injunction against the thirteen Defendant groups, seeking to enjoin continued sales of the accused products. (P.I. Mot.)  The patents asserted against these Defendants include U.S. Patent Nos. 12,038,247 ("the '247 Patent"), 12,578,159 ("the '159 Patent"), 12,529,538 ("the '538 Patent"), 12,031,784 ("the '784 Patent"), and 12,636,403 ("the '403 Patent");[4] the motion seeks preliminary relief on that basis.  (*Id.* at 2 n.2.)

## III.   The Parties' Coordination and Conferral.

Before filing, Plaintiffs sought to coordinate with Defendants.  On May 15, 2026, Plaintiffs' counsel proposed to confer on a coordinated schedule, expedited discovery, and page

---

Plaintiffs have sought to amend the Complaints for all thirteen defendant groups against whom the preliminary injunction is sought.  Seven of the thirteen seek to add only the newly issued '403 Patent; three seek to add the '159, '538, and '403 Patents; one seeks to add the '784 and '403 Patents; and two seek to add all four.

4

limits before presenting those issues to the Court. (*ABC IP, LLC et al. v. Optics Planet Inc.*, No. 4:26-cv-00521, D.I. 59-01 at 5 (E.D. Tex. June 4, 2026) ("Mot. Ex. A").) The parties held calls between May 18 and May 22. On May 22, Plaintiffs gave Defendants a written description of each motion they intended to file—the accused products, the patents to be asserted, the specific page limits Plaintiffs would request, and the terms of the expedited discovery Plaintiffs would seek—and stated that they would not oppose an equal number of sur-reply pages for Defendants. (*Id.* at 3.) On May 25, counsel for Atrius—the manufacturer of the Atrius Selector, not one of the parties that Plaintiffs moved against—requested additional information and stated that Atrius's position depended on receiving it. (*Id.* at 1–2.) On May 26, counsel for Atrius reseller Defendants subject to the motion confirmed their opposition to the preliminary injunction and to Plaintiffs' motions for leave to amend. (*ABC IP, LLC et al. v. Optics Planet Inc.*, No. 4:26-cv-00521, D.I. 59-02 at 1 (E.D. Tex. June 4, 2026) ("Mot. Ex. B").) Plaintiffs filed the Consolidated Motion for Preliminary Injunction and the related motions on May 29. (*See In re Rare Breed Triggers Pat. Litig.*, No. 4:26-md-03176-ALM, D.I.s 5, 7, 11, 12 (E.D. Tex. May 29, 2026).)

The parties continued to confer after filing. On June 1, Plaintiffs agreed that Defendants' outside counsel and retained experts could access the sealed preliminary-injunction materials, and agreed to file public redacted versions of the motion and the supporting declarations ahead of the deadline set by Local Rule CV-5. (Ex. 1 at 10–11.) The parties conferred again by video on June 2. (*Id.* at 7–8.) On June 3, Plaintiffs responded to Defendants' three proposed motions with a counterproposal: an expedited briefing-and-discovery schedule keyed to the May 29 filing, a protective order to be in place before any defense production, a prompt status conference to resolve any remaining procedural disputes, and an offer to bear Defendants' reasonable costs of addressing the recently issued patents if leave to amend were denied. (*Id.* at 2–3.) Defendants declined and

filed this motion together with two related motions. Even then, Plaintiffs continued to accommodate Defendants' concerns—agreeing to a two-week extension of Defendants' deadline to respond to the preliminary-injunction filings. (Ex. 2.)

Rare Breed now responds to Defendants' motion to stay and enlarge the preliminary-injunction deadlines.

## ARGUMENT

**I. Defendants Show No Good Cause to Suspend the Deadlines Because They Already Have What a Response Requires and Suffer No Prejudice.**

Defendants ask the Court to suspend every deadline for responding to the preliminary-injunction filings until an open-ended set of conditions is satisfied. They show no good cause for that relief, because they already have everything a response requires and lose nothing by providing one, as discussed further below.

### A. Defendants Have the Notice and the Conferral the Rules Require.

Rule 65(a)(1) requires notice before a preliminary injunction issues, which the Supreme Court has explained means a fair opportunity to oppose. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974). Defendants have that opportunity. Before filing, Plaintiffs previewed each motion they intended to file, including the patents to be asserted, the page limits they would request, and the expedited discovery they would seek. (Mot. Ex. A at 3.) Since filing, Defendants have had the motion, the supporting declarations, access to the sealed record for their outside counsel and experts, and a two-week extension within which to respond. Whatever else this motion seeks, it is not for lack of notice.

The parties also conferred. Counsel conferred by telephone between May 18 and May 22—the personal conference that constitutes the "substantive component" of Local Rule CV-7(h)—and through those conferences and the exchanges that followed, Defendants had a full

opportunity to evaluate the relief Plaintiffs seek and to take a position on it. L.R. CV-7(h). The proof that the conferral served its purpose is what it produced: Defendants oppose the motion, as they still do. And Defendants do not suggest that any further conferral would have changed that—they identify no term of the relief they would have agreed to, and no concession that more discussion would have yielded. The meet-and-confer requirement exists to surface and narrow disputes before a motion is filed; it is not a device a party may invoke to defer a motion it has already resolved to oppose. *See, e.g.*, *Morrison v. Walker*, No. 1:13-cv-327, 2014 WL 11512240, at *2 (E.D. Tex. Dec. 2, 2014) (explaining that a reason for the Court's meet and confer requirement is that "it helps narrow the issues and allows the court to focus its energy on deciding truly contested matters"); *Kirchheiner v. Home Depot U.S.A., Inc.*, No. 1:19-CV-135, 2021 WL 2953174 at *1 (E.D. Tex. Feb. 12, 2021) (declining to deny motion for leave to amend exhibit list for failure to satisfy meet and confer requirement where non-movant indicated opposition to said motion).

Defendants nonetheless contend that Plaintiffs' certificate of conference was a falsehood. It was not.[5] The certificate stated that the parties had conferred and that Plaintiffs considered the motion opposed—both true. And it would not matter if the certificate were imperfect, which it was not: the certificate certifies that the parties met and conferred; it is not an independent precondition to relief.

---

[5]The email Defendants identify as the position Plaintiffs purportedly disregarded came from counsel for Atrius Development Group, the manufacturer of the Atrius Selector, against which Plaintiffs do not seek preliminary-injunction relief. (Mot. Ex. A at 1–2.) Counsel for the reseller Defendants the motion does target confirmed their opposition separately. (Mot. Ex. B at 1.)

**B.      Every Procedural Condition Defendants Invoke Has Been Met or Offered.**

Defendants say the deadlines cannot run until a protective order is entered, expedited discovery is made reciprocal, and Plaintiffs provide greater specificity. Each condition has been satisfied, offered, or already exists in the record—and none is an obstacle to filing a response.

*Protective order.* Defendants contend that no deadline should run and no discovery should occur until a protective order is in place. But Plaintiffs have already provided what such an order would govern. On June 1, before this motion was filed, Plaintiffs agreed that Defendants' outside counsel and their retained experts could access the sealed preliminary-injunction materials; Plaintiffs filed public, redacted versions of the motion and the supporting declarations ahead of the deadline; and Plaintiffs will soon serve a proposed protective order. A protective order can be negotiated and entered while briefing proceeds, as protective orders routinely are; it does not require the deadlines to stop. The single access question that remains—whether the Defendants themselves, as distinct from their counsel and experts, may review particular sealed materials— can easily be worked out between the parties. It is not a reason to suspend a response to the motion.

*Expedited discovery.* Defendants next argue that expedited discovery must be reciprocal and sequenced before they can respond. Neither point requires deferring anything. Plaintiffs do not oppose Defendants taking reciprocal discovery, and agree that it may proceed concurrently with the expedited discovery Plaintiffs have already proposed. (*See In re Rare Breed Triggers Pat. Litig.*, No. 4:26-md-03176-ALM, D.I. 11 (E.D. Tex. May 29, 2026) (requesting expedited discovery).) Defendants offer no reason that concurrent, reciprocal discovery is unworkable, and none is apparent: the schedule Plaintiffs proposed keys every date to the May 29 filing and leaves room for both sides' discovery before the motion is submitted to the Court for decision. (*Id.*)

*Specificity.* Finally, Defendants ask Plaintiffs to prepare a defendant-specific chart identifying the patents, claims, accused products, and relief at issue for each Defendant. That

8

information is already in the record. The Consolidated Motion identifies the asserted patents, the accused products, and the relief sought (P.I. Mot.), and Plaintiffs' expedited-discovery motion includes an appendix mapping the discovery requests onto each Defendant and identifying the applicable patents and products for every case (*In re Rare Breed Triggers Pat. Litig.*, No. 4:26-md-03176-ALM, D.I. 11-02 (E.D. Tex. May 29, 2026)).

### C.   The Pleading Status of the Recently Issued Patents Is No Basis to Suspend the Deadlines.

Defendants argue that the deadlines should not run because some patents asserted in these actions—including the recently issued '403 Patent—are being added by pending motions for leave to amend. The argument does not hold. The motions for leave are routine: they add recently issued patents that read on the same accused products already in these actions at the outset of the litigation, when leave is freely given; and similar leave motions have already been granted in Rare Breed's related actions. *See* Fed. R. Civ. P. 15(a)(2); (*ABC IP, LLC et al. v. Hawkphin Sales, LLC et al.*, No. 4:26-cv-00015, D.I. 26 (S.D. Iowa June 3, 2026) (granting Plaintiffs' motion for leave to file their Second Amended Complaint); *ABC IP, LLC et al. v. Hush Distribution, LLC*, No. 2:26-cv-00054, D.I. 18 (E.D. Tex. June 1, 2026) (granting Plaintiffs' motion for leave to amend their Complaint).) Plaintiffs address the merits of leave in the respective filings concerning the motions for leave and again in their opposition to Defendants' concurrently filed motion to hold the motion in abeyance, and do not repeat that analysis here.

Plaintiffs agree that the Court may resolve the motions for leave before it reaches the preliminary injunction. But the order in which the Court takes up those matters is distinct from Defendants' obligation to respond to the motion as filed. Defendants can prepare their opposition on the present record now: if leave is granted, the patents were always going to be in these actions; and if it is denied, Plaintiffs have already offered to bear Defendants' reasonable costs of any work

9

directed to those patents.  (Ex. 1 at 2–3.)  Deciding leave first thus requires nothing to be frozen in the meantime.  Nor does Local Rule CV-7(k) provide otherwise.  That rule provides that, when a document is filed by leave, "the time for filing any responsive documents will run from the date of the order on the motion for leave"—that is, the time to respond to the amended pleadings.  It says nothing about the separately filed motion for preliminary injunction, which carries its own response period under Local Rule CV-7(e).  The deadline Defendants invoke and the deadline at issue are not the same.[6]

## II. The Delay Defendants Seek Would Prolong Ongoing, Irreparable Harm, and What They Request Is in Substance an Open-Ended Stay.

Even if Defendants had shown some need for relief, good cause must be weighed against the harm that delay would cause.  Here that harm is occurring now and deepens each week—and what Defendants frame as an extension is, in substance, a stay with no fixed end.

Rare Breed and the accused sellers are direct competitors in a small market, and the accused products undercut Rare Breed's prices by a wide margin.  (DeMonico Decl. at ¶¶ 73–75.)  In that setting, every infringing sale is a sale Rare Breed is unlikely to recover, and the resulting loss of market share and customers is irreparable.  *See Trebro Mfg., Inc. v. Firefly Equip., LLC*, 748 F.3d 1159, 1170–71 (Fed. Cir. 2014).  The undercutting also erodes the premium pricing on which Rare Breed built its business and recasts the originator of this technology as a discount competitor—reputational harm that a damages award cannot undo.  *See Douglas Dynamics, LLC v. Buyers Prods. Co.*, 717 F.3d 1336, 1344–46 (Fed. Cir. 2013).  And because the accused sellers are largely newly formed entities, a later damages award is likely uncollectible, confirming the inadequacy of

---

[6]Defendants' invocation of the customer-suit doctrine fares no better.  That doctrine governs which of two suits—one involving the manufacturer, one against its customers—proceeds first; it does not authorize suspending a response deadline within the proceeding that goes forward, and it does not reach reseller Defendants themselves accused of infringement.  *See Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990).

a remedy at law. *See Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1155–56 (Fed. Cir. 2011). This harm is not static; it compounds with every week the accused sales continue and every new entrant the delay shields.

Defendants suggest (Mot. at 13–14) that, because more cases will be transferred into this MDL over time, the Court should wait rather than decide the motion now. That only sharpens the case for deciding it: a steadily expanding set of sellers offering the accused products is not a reason to withhold relief but a measure of the harm that grows while relief is withheld. Nor does waiting protect anyone. A ruling would reach only the Defendants now before the Court; defendants whose cases arrive later would not be bound by it and would have their own opportunity to be heard when their cases are at issue. Plaintiffs have worked in good faith and on reasonable terms with the Defendants who are here, and will do the same with any later-arriving defendants should issues arise. Deferring relief to await parties who are not yet before the Court—and who lose nothing by a decision rendered in their absence—would do nothing but prolong the harm Plaintiffs are suffering now.

Plaintiffs do not oppose a bounded extension of the response period; they granted Defendants two additional weeks. (Ex. 2.) But Defendants do not ask for a longer response period. They ask that no deadline run at all until the parties complete a twenty-one-day conferral, exchange agreed orders and competing proposals, the Court holds a status conference, the Court enters a protective order, and the Court rules on expedited discovery—and, they suggest, until the MDL's additional cases have arrived. None of those events are fixed to any date but the Court's own calendar, and the last has no endpoint at all. A request framed as an extension that in fact suspends every deadline pending open-ended conditions is, in substance, a stay of indefinite duration. *Cf. Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (reversing a stay as an abuse

11

of discretion because it was immoderate and of indefinite duration).  And where, as here, there is more than a "fair possibility" that delay will damage the opposing party—indeed a certainty, given the ongoing erosion of Rare Breed's market—the party seeking the stay must make a clear showing of hardship to itself.  *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).  Defendants make no such showing.  They identify no hardship in responding—only a preference not to.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court deny the motion.

DATED: June 17, 2026

Respectfully submitted,

*/s/ Matthew A. Colvin*

Matthew A. Colvin
Texas Bar No. 24087331
Carl E. Bruce
Texas Bar No. 24036278
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
E-mail: colvin@fr.com
          bruce@fr.com
Tel: (214) 747-5070
Fax: (214) 747-2091

Benjamin J. Christoff
DC Bar No. 1025635
**FISH & RICHARDSON P.C.**
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
E-mail: christoff@fr.com
Tel: (202) 783-5070
Fax: (202) 783-2331

12

Glenn D. Bellamy *(admitted pro hac vice)*
**WOOD HERRON & EVANS LLP**
600 Vine Street, Suite 2800
Cincinnati OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243
Fax: (513) 241-6234

Melissa R. Smith
Texas State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

*Attorneys for Plaintiffs*
*ABC IP, LLC and Rare Breed Triggers, Inc.*

13

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 17, 2026, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/ Matthew A. Colvin
Matthew A. Colvin