# EXHIBIT 1

**From:** Edward Chin <echin@McKoolSmith.com>
**Sent:** Wednesday, June 3, 2026 9:51 PM
**To:** Jory Hoffman <JmHoffman@fr.com>
**Cc:** Ben Christoff <christoff@fr.com>; Matt Colvin <colvin@fr.com>; [FR Service] ABC IP/Rare Breed <FRServiceABCIPRareBreed@fr.com>; Gbellamy@whe-Law.com; melissa@gillamsmithlaw.com; tom@gillamsmithlaw.com; Atrius-RareBreed@mckoolsmith.com; afloyd@floydip.com; Conor Civins <conor.civins@bracewell.com>; jms@etblaw.com; Sergey Vernyuk <sv@etblaw.com>; gbeach <gbeach@bannerwitcoff.com>; SBurow <SBurow@bannerwitcoff.com>; jshull@bannerwitcoff.com; ted@polaseklaw.com
**Subject:** Re: ABC IP / RBT v. Various Defendants Subject to PI Motion (E.D. Tex. / MDL) - Sealed PI Materials / Expert Access / Redacted Client Versions

Jory,

Thank you for your counterproposal. We have considered it carefully. We do not believe it resolves the threshold procedural issues raised during our meet-and-confer, particularly because, among other things, the proposed schedule would require Defendants to file their PI oppositions before document production and depositions occur, and before the Court has addressed the protective-order, confidentiality, discovery, bond, and other issues implicated by Plaintiffs' consolidated PI filings.

We therefore intend to proceed with filing the three motions discussed during our meet-and-confer.

Defendants reserve all rights and remedies, including the right to seek appropriate relief for fees, costs, or other prejudice resulting from preliminary-injunction filings directed to patents or claims that are not yet operative in the relevant actions.

Defendants also reserve all rights and remedies, including the right to seek appropriate relief for fees, costs, or other prejudice caused by having to respond to preliminary-injunction filings directed to patents or claims that are not yet operative in the relevant actions.

Best regards,

Ed



**Edward Chin**
Senior Counsel
Dallas, TX
Tel: (214) 978-4213
www.mckoolsmith.com

NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other

than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

On Jun 3, 2026, at 3:59 PM, Jory Hoffman <JmHoffman@fr.com> wrote:

> Some people who received this message don't often get email from jmhoffman@fr.com. Learn why this is important

Hi Ed,

I'm following up on yesterday's meet-and-confer. Here are Plaintiffs' positions on all three proposed motions. In short, Plaintiffs would oppose each as framed.

**1. Joint Motion to Stay and Enlarge PI Deadlines, Require Structured Conferral, and Set Status Conference**

***OPPOSED as drafted; counter-proposal below.***

Plaintiffs oppose an open-ended stay of their PI filings and the proposed preconditions to any deadline running.

Plaintiffs propose two things instead. First, the parties jointly request a status conference at the Court's earliest convenience to resolve all open procedural issues. If the Court would like a joint report in advance, Plaintiffs will assist in preparing one; otherwise Plaintiffs do not think a report is necessary and believe it would only add delay.

Second, Plaintiffs propose the following expedited schedule, which mirrors the schedule Plaintiffs proposed in AS Designs and keys every date to the May 29, 2026, filing of the Consolidated PI Motion:

- **Defendants' Responses in Opposition to Consolidated PI**: June 22, 2026
- **Defendants' Document Production:** June 23, 2026  (AS Designs is already under an order)
- **Depositions:** July 14, 2026
- **Plaintiffs' Reply:** July 28, 2026
- **Defendants' Sur-Reply**: August 7, 2026
- **Hearing**: After August 7, 2026, at the Court's convenience

Below are Plaintiffs' positions on each request in your June 2, 2026, email.

| Defendants' Request | Plaintiffs' Position |
|---|---|
| **(1)** Stay all response deadlines pending further order | **Oppose.** See the proposed schedule above. |
| **(2)** 21-day structured meet-and-confer on threshold procedures | **Oppose.** Plaintiffs will confer in good faith on a protective order and will work in good faith to have one in place before Defendants produce any discovery under the schedule above. |
| **(3)** Plaintiffs file a defendant-specific chart (patents, claims, accused products, relief, bond) | **Oppose.** Plaintiffs are unclear what you need that is not already in Plaintiffs' PI Motion and its appendices and exhibits. If you can be more specific about what you want or what you believe is missing, Plaintiffs will consider it. |

2

| | |
|---|---|
| **(4)** No deadline runs and no expedited discovery before a protective order is entered and the Court rules on expedited discovery | **Oppose.** Plaintiffs hope Defendants will agree to the limited discovery Plaintiffs requested (and which the Court already granted as to AS Designs). If not, and absent an order for expedited discovery, the PI should be briefed on the current record until the Court rules. Plaintiffs do not agree to pause the schedule. If Defendants intend to oppose expedited discovery, please identify the basis so the parties can address it at the status conference. |
| **(5)** Submit agreed orders where possible; side-by-side proposals where disputed | **Oppose in part.** Plaintiffs will submit genuinely agreed orders (for example, a protective order) as agreed.<br><br>Plaintiffs **decline** the separate competing-proposals submission process, which would add complexity and delay; disputed procedures can be resolved at the status conference. |
| **(6)** Set a status conference after the conferral-and-submission process | Addressed by Plaintiffs' proposal above. Plaintiffs agree a status conference is the right vehicle, but it should be requested **now**, not deferred to the end of a 21-day conferral-and-submission process and should not be attached to a stay of deadlines. |
| **(7)** Other and further relief | No separate position; opposed to the extent inconsistent with the above. |

**2. Joint Motion to Hold the Consolidated PI Motion in Abeyance pending leave to amend (including the '403 patent)**
***OPPOSED***
Plaintiffs oppose. The Court can and should rule on Plaintiffs' pending motions for leave to amend before it reaches the PI. Plaintiffs have not heard a basis from Defendants for opposing amendment, and Plaintiffs see none. To remove any prejudice concern, if the Court denies leave to amend, Plaintiffs will cover the reasonable costs Defendants incur in working up their PI response as to the patents not in the operative pleadings. Abeyance is therefore unnecessary and would only delay relief.

**3. Joint Motion to Stay the PI Motion pending the Federal Circuit appeals**
***OPPOSED***
Plaintiffs oppose, consistent with what we conveyed on yesterday's call.
***

We are responding ahead of the 4:00 p.m. Central deadline, as we indicated. We remain available to confer on the schedule, a protective order, and a joint request for a status conference.
Best,

**Jory Hoffman**
Associate ¦ Fish & Richardson P.C.

**T:** 312 278 2608
JmHoffman@fr.com | Bio | LinkedIn | fr.com
150 N. Riverside Plaza, Suite 2820, Chicago, IL 60606

**From:** Jory Hoffman <JmHoffman@fr.com>
**Sent:** Wednesday, June 3, 2026 10:58 AM
**To:** Edward Chin <echin@McKoolSmith.com>; Ben Christoff <christoff@fr.com>
**Cc:** Matt Colvin <colvin@fr.com>; [FR Service] ABC IP/Rare Breed <FRServiceABCIPRareBreed@fr.com>; Gbellamy@whe-Law.com <Gbellamy@whe-Law.com>; melissa@gillamsmithlaw.com <melissa@gillamsmithlaw.com>; tom@gillamsmithlaw.com <tom@gillamsmithlaw.com>; Atrius-RareBreed@mckoolsmith.com <Atrius-RareBreed@mckoolsmith.com>; afloyd@floydip.com <afloyd@floydip.com>; Conor Civins <conor.civins@bracewell.com>; jms@etblaw.com <jms@etblaw.com>; Sergey Vernyuk <sv@etblaw.com>; gbeach <gbeach@bannerwitcoff.com>; SBurow <SBurow@bannerwitcoff.com>; jshull@bannerwitcoff.com <jshull@bannerwitcoff.com>; ted@polaseklaw.com <ted@polaseklaw.com>
**Subject:** Re: ABC IP / RBT v. Various Defendants Subject to PI Motion (E.D. Tex. / MDL) - Sealed PI Materials / Expert Access / Redacted Client Versions

Hi Ed,

Thanks for following up. Plaintiffs will have a response for you by 4:00 p.m. Central Time today.

Thanks,
Jory

## Jory Hoffman

Associate ¦ Fish & Richardson P.C.

**T:** 312 278 2608
JmHoffman@fr.com | Bio | LinkedIn | fr.com
150 N. Riverside Plaza, Suite 2820, Chicago, IL 60606

**From:** Edward Chin <echin@McKoolSmith.com>
**Sent:** Wednesday, June 3, 2026 9:55 AM
**To:** Ben Christoff <christoff@fr.com>
**Cc:** Jory Hoffman <JmHoffman@fr.com>; Matt Colvin <colvin@fr.com>; [FR Service] ABC IP/Rare Breed <FRServiceABCIPRareBreed@fr.com>; Gbellamy@whe-Law.com <Gbellamy@whe-Law.com>; melissa@gillamsmithlaw.com <melissa@gillamsmithlaw.com>; tom@gillamsmithlaw.com <tom@gillamsmithlaw.com>; Atrius-RareBreed@mckoolsmith.com <Atrius-RareBreed@mckoolsmith.com>; afloyd@floydip.com <afloyd@floydip.com>; Conor Civins <conor.civins@bracewell.com>; jms@etblaw.com <jms@etblaw.com>; Sergey Vernyuk <sv@etblaw.com>; gbeach <gbeach@bannerwitcoff.com>; SBurow <SBurow@bannerwitcoff.com>; jshull@bannerwitcoff.com <jshull@bannerwitcoff.com>; ted@polaseklaw.com <ted@polaseklaw.com>
**Subject:** Re: ABC IP / RBT v. Various Defendants Subject to PI Motion (E.D. Tex. / MDL) - Sealed PI Materials / Expert Access / Redacted Client Versions

ADDING Counsel for other defendants

Ben,

4

Do you have an update on Plaintiffs' position regarding the Defendants' joint motions discussed on yesterday's meet-and-confer call?

Thanks,

Ed

NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODU PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthoriz and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should immediately destroyed.

On Jun 2, 2026, at 6:07 PM, Edward Chin <echin@McKoolSmith.com> wrote:

Okay, we look forward to a response soon.

Clarification - In my earlier email, I meant to say, "We understand from our call that Plaintiffs oppose the **Joint Motion to Stay Plaintiffs' PI Motion Pending Federal Circuit Appeals."**

NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

On Jun 2, 2026, at 5:58 PM, Ben Christoff <christoff@fr.com> wrote:

Ed, we may need a little more time but are working diligently on getting you an answer.

Thanks,
Ben

**From:** Edward Chin <echin@McKoolSmith.com>
**Sent:** Tuesday, June 2, 2026 5:12 PM
**To:** Jory Hoffman <JmHoffman@fr.com>
**Cc:** Matt Colvin <colvin@fr.com>; Ben Christoff <christoff@fr.com>; [FR Service] ABC IP/Rare Breed <FRServiceABCIPRareBreed@fr.com>; Gbellamy@whe-Law.com <Gbellamy@whe-Law.com>; melissa@gillamsmithlaw.com <melissa@gillamsmithlaw.com>; tom@gillamsmithlaw.com <tom@gillamsmithlaw.com>; Atrius-RareBreed@mckoolsmith.com <Atrius-RareBreed@mckoolsmith.com>; afloyd@floydip.com <afloyd@floydip.com>; Conor Civins <conor.civins@bracewell.com>

**Subject:** Re: ABC IP / RBT v. Various Defendants Subject to PI Motion (E.D. Tex. / MDL) - Sealed PI Materials / Expert Access / Redacted Client Versions

And please also confirm by 6:00 pm CT whether the **Joint Motion to Hold in Abeyance Plaintiffs' Consolidated Motion for Preliminary Injunction** is also opposed.

We understand from our call that the **Joint Motion to Stay Plaintiffs' PI Motion Pending Federal Circuit Appeals.**

Thanks

<image053056.png>

NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

On Jun 2, 2026, at 4:07 PM, Edward Chin <echin@McKoolSmith.com> wrote:

Jory,

Per our meet-and-confer call, here is the relief requested in the **Joint Motion to Stay and Enlarge PI Deadlines, Require Structured Conferral Process, and Set Status Conference.**

1) staying all deadlines for Defendants to respond to Plaintiffs' PI-related filings, including the PI Motion (Dkt. 7), Motion for Expedited Discovery (Dkt. 11), Motion to Seal (Dkt. 5), Motion for Excess Pages (Dkt. 12), and related proposed orders or schedules, pending further order;

2) directing the parties to engage in a structured meet-and-confer process over the next twenty-one days regarding the threshold procedures necessary to govern Plaintiffs' PI request, including a protective order or confidentiality protocol with any appropriate prosecution bar, reciprocal expedited-discovery procedures, a PI briefing schedule, defendant/product/patent specificity, Plaintiffs' bond/security position under Rule 65(c), the pleading and amendment/conferral status of the patents on which Plaintiffs seek emergency relief, and whether separate product tracks or other product-specific procedures are appropriate;

3) directing Plaintiffs, before the parties' status-conference submission or by another date set by the Court, to file and serve a defendant-specific chart identifying the patents, claims, accused products, requested relief, and bond/security position at issue for each Defendant;

4) providing that no PI response deadline shall run, and no expedited discovery shall issue, before entry of a protective order or confidentiality protocol addressing sealed-material access for all defendants, client and expert consultation, use restrictions, competitive safeguards, and any prosecution bar warranted by technical discovery, and before the Court determines whether expedited discovery will be permitted, reciprocal, and properly sequenced;

5) requiring the parties to submit agreed orders where possible and competing side-by-side proposals where disputes remain;

6) setting a status conference after completion of that conferral-and-submission process to resolve disputed procedures and set the PI schedule; and

7) granting such other and further relief as the Court deems appropriate.


Please let us know whether Plaintiffs oppose this motion by 6:00 pm Central.  If we do not hear back by then, we will assume this motion is opposed.

Thanks,

Ed


**McKool Smith** ¦ Edward Chin
Senior Counsel ¦ Dallas ¦ (214) 978-4213

On Jun 2, 2026, at 12:33 PM, Jory Hoffman <JmHoffman@fr.com> wrote:


Thanks, Ed.

## Jory Hoffman
Associate ¦ Fish & Richardson P.C.

**T:** 312 278 2608
JmHoffman@fr.com | Bio | LinkedIn | fr.com
150 N. Riverside Plaza, Suite 2820, Chicago, IL 60606

---

**From:** Edward Chin <echin@McKoolSmith.com>
**Sent:** Tuesday, June 2, 2026 12:30 PM
**To:** Jory Hoffman <JmHoffman@fr.com>
**Cc:** Matt Colvin <colvin@fr.com>; Ben Christoff <christoff@fr.com>; [FR Service] ABC IP/Rare Breed <FRServiceABCIPRareBreed@fr.com>; Gbellamy@whe-Law.com <Gbellamy@whe-Law.com>; melissa@gillamsmithlaw.com<melissa@gillamsmithlaw.com>; tom@gillamsmithlaw.com <tom@gillamsmithlaw.com>; Atrius-RareBreed@mckoolsmith.com<Atrius-RareBreed@mckoolsmith.com>; afloyd@floydip.com <afloyd@floydip.com>; Conor Civins <conor.civins@bracewell.com>
**Subject:** Re: ABC IP / RBT v. Various Defendants Subject to PI Motion (E.D. Tex. / MDL) - Sealed PI Materials / Expert Access / Redacted Client Versions

Jory,

3:15 pm Central works for us.  We'll send out a call link later.  Counsel for other defendants may also join the call.

Thanks,

Ed

NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or re information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohib received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

On Jun 2, 2026, at 12:21 PM, Jory Hoffman <JmHoffman@fr.com> wrote:

Hi Ed,

Plaintiffs are available anytime this afternoon between 3:15 p.m. - 5:00 p.m. (Central Time).

Thanks,
Jory

## Jory Hoffman
Associate ¦ Fish & Richardson P.C.

**T:** 312 278 2608
JmHoffman@fr.com | Bio | LinkedIn | fr.com
150 N. Riverside Plaza, Suite 2820, Chicago, IL 60606

**From:** Edward Chin <echin@McKoolSmith.com>
**Sent:** Tuesday, June 2, 2026 11:20 AM
**To:** Matt Colvin <colvin@fr.com>
**Cc:** Ben Christoff <christoff@fr.com>; [FR Service] ABC IP/Rare Breed <FRServiceABCIPRareBreed@fr.com>; Gbellamy@whe-Law.com <Gbellamy@whe-Law.com>; melissa@gillamsmithlaw.com <melissa@gillamsmithlaw.com>; tom@gillamsmithlaw.com <tom@gillamsmithlaw.com>; Atrius-RareBreed@mckoolsmith.com <Atrius-RareBreed@mckoolsmith.com>; afloyd@floydip.com <afloyd@floydip.com>; Conor Civins <conor.civins@bracewell.com>
**Subject:** Re: ABC IP / RBT v. Various Defendants Subject to PI Motion (E.D. Tex. / MDL) - Sealed PI Materials / Expert Access / Redacted Client Versions

Matt,

When are you or another member of Plaintiffs' litigation team available to confer today?

Thanks,

Ed

NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PR It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the informatic with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in er reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

On Jun 1, 2026, at 10:14 PM, Edward Chin <echin@McKoolSmith.com> wrote:

Matt,

I've attached the signed Certification by Paul Benoit of Nouvelle Analytics.  His CV is also attached.  We look forward to the Plaintiffs' confirmation that Mr. Benoit may receive access to the unredacted sealed materials.

Thanks,

Ed

**McKool Smith** | Edward Chin
Senior Counsel | Dallas | (214) 978-4213

On Jun 1, 2026, at 6:42 PM, Edward Chin <echin@McKoolSmith.com> wrote:

Matt,

Thank you for your email regarding the sealing and access issues. We are evaluating Plaintiffs' position and would like to discuss those issues during a meet-and-confer tomorrow, Tuesday, June 2. Please let us know the Plaintiffs' windows of availability.

On that call, we would also like to confer regarding three motions the Atrius Resellers intend to file:

**1) Joint Motion to Stay and Enlarge PI Deadlines, Require Structured Conferral Process, and Set Status Conference.** This motion seeks to stay all deadlines relating to Plaintiffs' consolidated PI filings until the parties and the Court address threshold procedures, including reciprocal discovery, any remaining disputes concerning sealed materials, a protective order or interim confidentiality protocol, response deadlines and scheduling, hearing procedures, and bond-related issues.

**2) Joint Motion to Hold in Abeyance Plaintiffs' Consolidated Motion for Preliminary Injunction.** This motion seeks to hold the PI Motion in abeyance until Plaintiffs obtain leave to amend the operative complaints to assert the patents on which they seek preliminary relief, including the newly issued '403 patent.

**3) Joint Motion to Stay Plaintiffs' PI Motion Pending Federal Circuit Appeals.** This motion seeks to stay Plaintiffs' PI Motion pending the Federal Circuit's rulings in the related Partisan and Hoffman preliminary-injunction appeals, which involve overlapping issues concerning Rare Breed's asserted irreparable harm, balance of hardships, public interest, and likelihood of success.

Other Defendants implicated by Plaintiffs' PI Motion are likely to join these motions. Given the default response deadlines and the procedural issues raised by Plaintiffs' filings, we would like to confer as soon as possible and determine whether any of these issues can be narrowed or resolved without Court intervention.

Best,

Ed

—— | ——

NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PR CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or relia contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you h error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

On Jun 1, 2026, at 5:18 PM, Matt Colvin <colvin@fr.com> wrote:

Hi Ed,

Plaintiffs share your interest in moving quickly. We agree that outside counsel for Atrius and the Atrius Resellers, and their retained experts/consultants, may have full access to the sealed PI materials. Our responses below track your numbered items.

**1. Scope of sealing.** Plaintiffs will publicly file redacted versions of the Consolidated Motion (Dkt. 7) and the Eichmann and DeMonico Declarations (Dkts. 7-1, 7-2)—redacting only the limited confidential portions—by **Wednesday, June 3**, two days before the seven-day deadline under Local Rule CV-5(a)(7)(E). Exhibits A–D to the DeMonico Declaration (Dkts. 7-3 through 7-6), the Rare Breed/ABC license agreement and its three addenda, will remain sealed in their entirety.

Plaintiffs do not object to sharing the unredacted sealed materials with outside counsel for the Atrius Resellers and Atrius, and with their retained consulting and testifying experts and consultants. We ask only that you identify each proposed expert or consultant before disclosure and have them certify that they will not share or use the information beyond these cases. Within 24 hours, we will either confirm or, if we have a concern about a particular individual, meet and confer with you on it before that individual receives the materials.

Plaintiffs do object to disclosing the unredacted sealed materials directly to the Atrius Resellers, Atrius, or their client representatives. The public redacted versions, once filed, may be shared without restriction.

**2. Expert access to unredacted materials.** As mentioned above, Plaintiffs consent to disclosure of the complete, unredacted sealed PI filings and exhibits to the Atrius Resellers' and Atrius's retained consulting and testifying experts and consultants subject to the above limitation.

**3. Interim disclosure protocol.** Given the above consent, we do not think an interim protective order is necessary.

**4. Timing of redacted versions.** As noted, Plaintiffs will file the public redacted versions by **Wednesday, June 3**.

**6. Timing and schedule.** We are available to confer tomorrow, June 2, if useful.

Best,

Matt

**From:** Edward Chin <echin@McKoolSmith.com>
**Sent:** Monday, June 1, 2026 12:46 PM
**To:** Matt Colvin <colvin@fr.com>; Ben Christoff <christoff@fr.com>; [FR Service] ABC IP/Rare Breed <FRServiceABCIPRareBreed@fr.com>; Gbellamy@whe-Law.com; melissa@gillamsmithlaw.com; tom@gillamsmithlaw.com
**Cc:** Atrius-RareBreed@mckoolsmith.com; afloyd@floydip.com; Conor Civins <conor.civins@bracewell.com>
**Subject:** ABC IP / RBT v. Various Defendants Subject to PI Motion (E.D. Tex. / MDL) - Sealed PI Materials / Expert Access / Redacted Client Versions

[This email originated outside of F&R.]

Counsel,

I write on behalf of the defendants in the ProSource, Mister Guns, Superior Firearms, and PistolCap matters implicated in Plaintiffs' Consolidated Motion for Preliminary Injunction (Dkt. 7) (the "Atrius Resellers"), and Atrius Development Group Corporation, Inc. ("Atrius").

## 1. Sealed PI Materials

We are reviewing Plaintiffs' Consolidated Motion for Preliminary Injunction and related sealed materials filed in the ProSource, Mister Guns, Superior Firearms, and PistolCap matters. Because Plaintiffs seek preliminary-injunctive relief against the Atrius Resellers, and because the motion directly implicates Atrius, defense counsel must be able to consult promptly with the affected defendants, Atrius, and their retained consulting and testifying experts/consultants.

We understand the following materials were filed under seal in their entirety:
1. the Consolidated Motion for Preliminary Injunction (Dkt. 7);
2. the Eichmann Declaration (Dkt. 7-1);
3. the DeMonico Declaration (Dkt. 7-2); and
4. Exhibits A-D to the DeMonico Declaration (Dkts. 7-3 through 7-6), consisting of the Rare Breed/ABC license agreement and three addenda.

Please promptly advise whether Plaintiffs contend these materials should remain sealed in their entirety or only in part. If only in part, please identify the specific pages, paragraphs, exhibits, or portions Plaintiffs contend warrant confidential treatment and the basis for that position.

## 2. Expert Access to Complete Unredacted Materials

Given the expedited relief Plaintiffs seek, the Atrius Resellers' retained consulting and testifying experts/consultants need immediate access to the complete, unredacted sealed PI filings and exhibits—not merely redacted versions—to promptly evaluate Plaintiffs' technical, infringement, validity, irreparable-harm, balance-of-hardships, public-interest, and related assertions.

Please confirm whether Plaintiffs will consent to disclosure of the complete, unredacted sealed PI filings and exhibits to the Atrius Resellers' retained consulting and testifying experts/consultants, subject to appropriate confidentiality obligations and use restrictions limited to this litigation.

### 3. Interim Protective Order / Disclosure Protocol

We are willing to discuss prompt entry of an interim protective order or disclosure protocol to govern these materials. But any such order must account for the expedited PI schedule.

For example, the Eastern District form protective order permits disclosure of Confidential Information to "experts and consultants," but its default procedure gives the Producing Party ten business days to object before disclosure to a proposed expert or consultant. That timing is not workable here.

We propose that, for purposes of Plaintiffs' PI motion and supporting sealed materials, disclosure may be made to retained consulting or testifying experts/consultants one calendar day after service on Plaintiffs of the executed confidentiality undertaking and the expert's or consultant's CV. Plaintiffs may object to continued access for good cause within two calendar days after service, but any objection will not suspend or prevent access or continued use absent Court order.

### 4. Redacted Versions for Client Review

Separately, although Plaintiffs are required to file public/redacted versions under Local Rule CV-5(a)(7)(E), the ordinary seven-day period is not adequate for present purposes, given the expedited PI relief Plaintiffs seek. Please advise whether Plaintiffs will provide or file redacted versions sooner so they may be shared promptly with the affected defendants, Atrius, and client representatives necessary to assist with the defense.

To the extent Plaintiffs contend that any material cannot be disclosed to the Atrius Resellers, Atrius, and/or retained experts/consultants even under an interim confidentiality protocol, please identify the specific document or portion at issue, the asserted confidentiality basis, the proposed disclosure limitation, and Plaintiffs' proposed mechanism for permitting the Atrius Resellers to respond fairly on the schedule Plaintiffs seek.

### 5. Reservation of Rights

The Atrius Resellers and Atrius do not agree that any sealed filing, exhibit, or confidentiality designation is proper, and they reserve all rights to challenge any sealing request, confidentiality designation, or proposed restriction.

Nor should Plaintiffs seek expedited preliminary-injunctive relief while withholding from the affected defendants, Atrius, and necessary experts the materials needed to evaluate and respond to that relief.

### 6. Timing

Given the expedited nature of Plaintiffs' motion and the need for the Atrius Resellers, Atrius, and their experts to begin work immediately, please respond by **6:00 p.m. CT on Monday, June 1, 2026**. We are available to meet and confer on Monday. If the parties cannot resolve this issue promptly, the Atrius Resellers intend to seek appropriate relief from the Court.

12

Best regards,

Ed

&lt;image004.png&gt;

NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PI It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the informatic with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in er reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

************************************************************************************
**************************************
This email message is for the sole use of the intended recipient(s) and may contain
confidential and privileged information. Any unauthorized use or disclosure is
prohibited. If you are not the intended recipient, please contact the sender by reply
email and destroy all copies of the original message.
************************************************************************************
**************************************

&lt;Paul Benoit_Certification - June 2, 2026.pdf&gt;&lt;Benoit CV - 5.26.2026.pdf&gt;

************************************************************************************
**************************************
This email message is for the sole use of the intended recipient(s) and may contain
confidential and privileged information. Any unauthorized use or disclosure is
prohibited. If you are not the intended recipient, please contact the sender by reply
email and destroy all copies of the original message.
************************************************************************************
**************************************

************************************************************************************
**************************************
This email message is for the sole use of the intended recipient(s) and may contain
confidential and privileged information. Any unauthorized use or disclosure is
prohibited. If you are not the intended recipient, please contact the sender by reply
email and destroy all copies of the original message.
************************************************************************************
**************************************

************************************************************************************
**********************************

13

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
*****************************************************************************************
*************************************

*****************************************************************************************
*************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
*****************************************************************************************
*************************************

14