**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM MDL 3176** |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> 80MILLS LLC, d/b/a TACTICAL TITAN SUPPLY, and PEARSON GARDNER, <br><br> Defendants. | Civil Action No. 4:26-cv-00380-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CHRISTOPHER COPE, <br><br> Defendant. | Civil Action No. 2:26-cv-00033-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DNT LLC, d/b/a DEEZ NUTZ TACTICAL, and ZACH MORROW, <br><br> Defendants. | Civil Action No. 4:26-cv-00377-ALM |

| | |
|---|---|
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>     Plaintiffs,<br><br>v.<br><br>HANES TACTICAL, LLC, and DAMION TERRELL BENNETT,<br><br>     Defendants. | Civil Action No. 4:26-cv-00369-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>     Plaintiffs,<br><br>v.<br><br>HARRISON GUNWORKS LLC, and TYLER HARRISON,<br><br>     Defendants. | Civil Action No. 4:26-cv-00379-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>     Plaintiffs,<br><br>v.<br><br>MARS TRIGGER, LLC, and PETER BRENNEN,<br><br>     Defendants. | Civil Action No. 2:26-cv-00030-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>     Plaintiffs,<br><br>v.<br><br>MISTER GUNS, LLC, THOMAS CARTER II, and BRANDI CARTER | Civil Action No. 2:26-cv-00056-ALM |

| | |
|---|---|
| Defendants. | |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN THANH NGUYEN, d/b/a POLYMER PEW,<br><br>Defendant. | Civil Action No. 4:26-cv-00425-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>OPTICS PLANET, INC., d/b/a ECENTRIA,<br><br>Defendant. | Civil Action No. 4:26-cv-00521-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PISTOLCAP LIMITED COMPANY, d/b/a FRISCO GUNS, and MORDEKHAI HARROCH,<br><br>Defendants. | Civil Action No. 2:26-cv-00053-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>Plaintiffs, | Civil Action No. 2:26-cv-00055-ALM |

v.

PROSOURCE FIREARMS, LLC,

     Defendant.

---

ABC IP, LLC, and RARE BREED TRIGGERS, INC.,

     Plaintiffs,

v.

SUPERIOR FIREARMS OF TEXAS, LLC,

     Defendant.

Civil Action No. 2:26-cv-00058-ALM

---

ABC IP, LLC, and RARE BREED TRIGGERS, INC.,

     Plaintiffs,

v.

Z3 PRODUCTIONS, LLC, d/b/a Z3PRO,

     Defendant.

Civil Action No. 4:26-cv-00367-ALM

---

**ABC IP, LLC AND RARE BREED TRIGGERS, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO HOLD PLAINTIFFS' CONSOLIDATED MOTION FOR PRELIMINARY INJUNCTION IN ABEYANCE BECAUSE IT SEEKS RELIEF ON <u>PATENTS NOT ASSERTED IN THE OPERATIVE COMPLAINTS</u>**

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................. 3

    I.     Rare Breed Created the Market, Fought Years to Sell Its Products, and Emerged Under a DOJ Settlement Conditioned Upon Enforcement of Rare Breed's Patents. .................................................................. 3

    II.    As Infringement Multiplied, So Did Rare Breed's Suits—Filed as Rare Breed Continued to Obtain Patents on Its Inventions. .................................. 5

    III.   The Current Case. .................................................................................................. 6

ARGUMENT ...................................................................................................................... 7

    I.     The Motions for Leave to Amend Are Routine, and Defendants Identify No Basis to Deny Them. ........................................................................ 7

    II.    The Court Can Grant Leave and Then Decide the Injunction on the Amended Pleadings—the Sequence the Rules Contemplate. ........................... 8

    III.   Deciding Leave and the Injunction Together Prejudices No One. ....................... 11

    IV.   Each Remedy Defendants Propose Is Worse Than the Curable Problem They Describe. ....................................................................................... 12

CONCLUSION ................................................................................................................... 13

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ABC IP, LLC et al. v. Hawkphin Sales, LLC et al.*,
  No. 4:26-cv-00015, D.I. 26 (S.D. Iowa June 3, 2026)........................................................5, 8

*ABC IP, LLC et al. v. Hush Distribution, LLC*,
  No. 2:26-cv-00054, D.I. 18 (E.D. Tex. June 1, 2026) ......................................................5, 8

*ABC IP, LLC et al. v. MaRs Trigger, LLC, et al.*,
  No. 26-cv-00030, D.I. 39 (E.D. Tex. June 4, 2026) ...............................................................2

*ABC IP, LLC et al. v. Mister Guns, LLC et al.*,
  No. 26-cv-00056, D.I. 45 (E.D. Tex. June 4, 2026) ...............................................................2

*ABC IP, LLC et al. v. Optics Planet Inc.*,
  No. 4:26-cv-00521, D.I. 61 (E.D. Tex. June 4, 2026) ................................................... *passim*

*ABC IP, LLC et al. v. PistolCap Ltd. Co., et al.*,
  No. 26-cv-00053, D.I. 42 (E.D. Tex. June 4, 2026) ...............................................................2

*ABC IP, LLC et al. v. Prosource Firearms, LLC*,
  No. 26-cv-00055, D.I. 42 (E.D. Tex. June 4, 2026) ...............................................................2

*ABC IP, LLC et al. v. Superior Firearms of Texas*,
  No. 26-cv-00058, D.I. 44 (E.D. Tex. June 4, 2026) ...............................................................2

*Adaptix, Inc. v. AT&T Mobility, LLC*,
  No. 6:12-cv-120, 2013 WL 12158529 (E.D. Tex. Aug. 19, 2013)..........................................7

*De Beers Consol. Mines v. United States*,
  325 U.S. 212 (1945).............................................................................................................10

*Devose v. Herrington*,
  42 F.3d 470 (8th Cir. 1994) ...................................................................................................9

*Flores v. Sanders*,
  No. 6:21-cv-00145-JDL, 2022 WL 18276842 (E.D. Tex. May 12, 2022) .............................10

*Foman v. Davis*,
  371 U.S. 178 (1962)...............................................................................................................7

*Garland v. Cargill*,
  602 U.S. 406 (2024)................................................................................................................4

*Harris v. Daniels*,
  No. 2:22-cv-00293-CDS-NJK, 2023 WL 2472503 (D. Nev. Feb. 27, 2023)........................10

## TABLE OF AUTHORITIES (cont'd)

**Page(s)**

*Herrmann Holdings Ltd. v. Lucent Techs. Inc.*,
302 F.3d 552 (5th Cir. 2002) ....................................................................................................7

*Jackson Women's Health Org. v. Dobbs*,
379 F. Supp. 3d 549 (S.D. Miss. 2019), *aff'd*, 951 F.3d 246 (5th Cir. 2020) ...........................9

*Kaimowitz v. Orlando*,
122 F.3d 41 (11th Cir. 1997) ..................................................................................................10

*Man Against Xtinction v. Comm'r of Me. Dep't of Marine Res.*,
478 F. Supp. 3d 67 (D. Me. 2020) .....................................................................................10, 11

*NetJets Ass'n of Shared Aircraft Pilots v. NetJets Aviation, Inc.*,
711 F. Supp. 3d 825 (S.D. Ohio 2024) ..................................................................................9, 11

*Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*,
810 F.3d 631 (9th Cir. 2015) ....................................................................................................9

*Rare Breed Triggers, Inc. v. AS Designs*,
No. 26-cv-370, D.I. 31 (E.D. Tex. May 1, 2026) ......................................................................7

*In re Rare Breed Triggers Pat. Litig.*,
MDL No. 3176, D.I. 44 (J.P.M.L. Apr. 2, 2026) ..................................................................6, 13

*In re Rare Breed Triggers Pat. Litig.*,
No. 4:26-md-03176-ALM, D.I. 7 (E.D. Tex. May 29, 2026) ...................................................1, 3

*Thomas v. Linthicum*,
No. 2:22-cv-00162-NGR, 2023 WL 9058519 (S.D. Tex. Sept. 12, 2023) ..............................10

**INTRODUCTION**

Rare Breed is losing the market it pioneered.  Defendants undercut its prices—by as much as 95%—and new infringing sellers appear every week.  Rare Breed's Consolidated Motion for Preliminary Injunction ("PI Motion") seeks to stop that harm before it becomes irreversible.  (*In re Rare Breed Triggers Pat. Litig.*, No. 4:26-md-03176-ALM, D.I. 7 (E.D. Tex. May 29, 2026) ("P.I. Mot.").)  Defendants' answer is delay—three motions' worth.  In this motion, Defendants[1] ask the Court to hold the PI Motion in abeyance, indefinitely, until the Court resolves the pending motions to amend.

Nothing compels that result, and it would unfairly delay resolution of Rare Breed's preliminary injunction motion—thereby effectively denying it.  Rare Breed agrees the leave motions should be decided first.  But those motions are routine: each adds patents to a complaint shortly after the patents issued, the most ordinary amendment a patent plaintiff can seek, and Defendants offer no ground to deny them.  Similar leave motions have already been granted in Rare Breed's related actions.  Rule 15 directs that leave be freely given, and nothing in Rule 65 bars the Court from granting leave and then deciding the injunction on the amended pleadings. That sequence is not an "end-run" around the rules; it is the rules operating as designed.  (*ABC IP,*

---

[1] Only the following six Defendant groups filed Motions to Hold Plaintiffs' Consolidated Motion for Preliminary Injunction in Abeyance Because it Seeks Relief on Patents Not Asserted in the Operative Complaint: (1) MaRs Trigger, LLC, and Peter Brennen; (2) Mister Guns, LLC, Thomas Carter II, and Brandi Carter; (3) Optics Planet, Inc. d/b/a Ecentria; (4) PistolCap Limited Company d/b/a Frisco Funs, and Mordekhai Harroch; (5) ProSource Firearms, LLC; and (6) Superior Firearms of Texas, LLC.  The following six Defendant groups filed later Motions for Joinder: (1) 80 Mills LLC, d/b/a Tactical Titan Supply, and Pearson Gardner; (2) DNT LLC d/b/a Deez Nutz Tactical, and Zach Morrow; (3) Hanes Tactical, LLC, and Damion Terrell Bennett; (4) Harrison Gunworks LLC, and Tyler Harrison; (5) Steven Thanh Nguyen d/b/a Polymer Pew; and (6) Z3 Productions, LLC d/b/a Z3 Pro.

*LLC et al. v. Optics Planet Inc.*, No. 4:26-cv-00521, D.I. 61 at 11 (E.D. Tex. June 4, 2026) ("Mot.").[2])

Defendants' claimed prejudice reduces to being required to brief patents not yet in every operative pleading. But there is no such prejudice. U.S. Patent No. 12,038,247 ("the '247 Patent") is pleaded in every action, so Defendants must oppose the PI Motion however the Court rules on leave. The patents not yet in the operative pleadings (the so-called "Additional Patents") read on the same accused products and the same technology, so the added work overlaps with work Defendants already owe; and notably, Rare Breed has offered to **reimburse** Defendants' reasonable attorneys' fees for that briefing if leave to amend is denied. Defendants' alternative—striking the portions of the PI Motion that rest on the Additional Patents—would only multiply the work by requiring Rare Breed to file a second emergency motion on the same accused products. And outright abeyance is worse still: an open-ended stay is an effective denial of emergency relief.

The Court should deny the Defendants' procedurally obstructionist Motion, decide the routine leave motions, and set the injunction for decision on the amended pleadings under a schedule that follows immediately behind.

---

[2] The six moving Defendant groups filed near-identical Motions to Hold Plaintiffs' Consolidated Motion for Preliminary Injunction in Abeyance Because it Seeks Relief on Patents Not Asserted in the Operative Complaint. *See ABC IP, LLC et al. v. Mister Guns, LLC et al.*, No. 26-cv-00056, D.I. 45 (E.D. Tex. June 4, 2026); *ABC IP, LLC et al. v. PistolCap Ltd. Co., et al.*, No. 26-cv-00053, D.I. 42 (E.D. Tex. June 4, 2026); *ABC IP, LLC et al. v. Prosource Firearms, LLC*, No. 26-cv-00055, D.I. 42 (E.D. Tex. June 4, 2026); *ABC IP, LLC et al. v. Superior Firearms of Texas*, No. 26-cv-00058, D.I. 44 (E.D. Tex. June 4, 2026); *ABC IP, LLC et al. v. Optics Planet Inc.*, No. 4:26-cv-00521, D.I. 61 (E.D. Tex. June 4, 2026); *ABC IP, LLC et al. v. MaRs Trigger, LLC, et al.*, No. 26-cv-00030, D.I. 39 (E.D. Tex. June 4, 2026). The motion filed by the defendants in the Optics Planet, Inc. case is representative of the motions filed by the other five defendant groups. Thus, for convenience, this brief includes citations only to the motion filed by the defendants in the Optics Planet, Inc. case.

## BACKGROUND

I.   **Rare Breed Created the Market, Fought Years to Sell Its Products, and Emerged Under a DOJ Settlement Conditioned Upon Enforcement of Rare Breed's Patents.**

Plaintiff ABC IP, LLC ("ABC") owns a portfolio of patents covering what it has coined "forced reset" trigger technology—trigger components that allow a semi-automatic rifle to fire faster follow-up shots while still requiring a separate trigger pull for each shot.  (P.I. Mot. at 4.)[3] ABC has exclusively licensed those patents to Plaintiff Rare Breed Triggers, Inc. ("RBT"), which designs, manufactures, and sells the trigger products that practice them.  (*Id.*)  (ABC and RBT are referred to together as "Rare Breed.")  Rare Breed brought the first commercially available forced reset trigger, the FRT-15®, to market at the end of 2020.  (*In re Rare Breed Triggers Pat. Litig.*, No. 4:26-md-03176-ALM, D.I. 7-2 at ¶ 7 (E.D. Tex. May 29, 2026) ("DeMonico Decl.").)  The FRT®[4] line of trigger products is Rare Breed's entire business; it sells no other firearms or accessories, and it has marketed its FRT line as a premium, no-discount product.  (*Id.* at ¶¶ 24, 60.)

That business was nearly destroyed before picking up steam.  About nine months after the FRT-15 launched, the ATF asserted that the product was a machine gun.  (*Id.* at ¶ 11.)  Rare Breed disputed that classification and filed declaratory-judgment actions; the Department of Justice responded with a civil enforcement action and, in 2023, obtained both a temporary restraining order and a preliminary injunction that shut down Rare Breed's operations and barred Rare Breed from enforcing its patents.  (*Id.* at ¶¶ 11–13; P.I. Mot. at 20.)

---

[3] In a forced reset trigger mechanism, cycling of the bolt carrier or bolt causes the trigger member to be mechanically moved to the reset position so that the user may pull the trigger again, discharging the firearm, without having to first reduce pressure from the trigger.

[4] Plaintiff Rare Breed Triggers, Inc., is the exclusive licensee of various registered and applied-for trademarks, covering its line of forced reset trigger products, including FRT® (Reg. No. 8187914), FRT-15® (Reg. No. 7004418), and FRT-MR3™ (App. No. 99714625).

3

The landscape then shifted. After the Supreme Court held in *Garland v. Cargill*, 602 U.S. 406 (2024), that the government had exceeded its authority in regulating bump stocks, the Northern District of Texas declared Rare Breed's products to be lawful semi-automatic triggers. (DeMonico Decl. at ¶ 14.) In May 2025, Rare Breed and the DOJ settled. (*Id.*) Under the settlement, Rare Breed's products may be sold lawfully, subject to conditions—including that Rare Breed will not develop forced reset triggers for handguns, will promote the safe and responsible use of its products, and will enforce its patents against infringing products. (*Id.* at ¶ 15.) The settlement thus did two things at once: it lifted the bar that had prevented Rare Breed from enforcing its patents, and it affirmatively obligated Rare Breed to do so.

Rare Breed has enforced its patents whenever permitted. Before the DOJ injunction, Rare Breed obtained a preliminary injunction and then a consent judgment and permanent injunction against an earlier infringer. (P.I. Mot. at 20–21.) In March and April 2025, Rare Breed sent cease-and-desist letters to many of the Defendants. (DeMonico Decl. at ¶ 34.) After the May 2025 settlement lifted the enforcement bar, Rare Breed began filing suit in June 2025 and has since filed approximately 80 infringement actions. (*Id.* at ¶ 17.) By the time of the settlement, Rare Breed had already identified roughly 70 companies selling infringing forced reset trigger products, and that number has continued to grow on a near-daily or weekly basis. (*Id.* at ¶ 58.)

The accused products at issue in the preliminary-injunction motion are three cam-based devices that compete directly with Rare Breed's line of products—the Super Safety, the ARC-Fire, and the Atrius Selector—sold by the 13 Defendant groups at a fraction of Rare Breed's prices: while Rare Breed prices its products from roughly $450 to $620, Defendants sell the accused products for as little as $20. (P.I. Mot. at 1–2, 31.)

4

**II.    As Infringement Multiplied, So Did Rare Breed's Suits—Filed as Rare Breed Continued to Obtain Patents on Its Inventions.**

In June 2025, Rare Breed filed its first wave of infringement actions, including the suits against Defendants DNT, Hanes Tactical, Harrison Gunworks, 80Mills, Z3, and Nguyen.  As new infringing sellers appeared, new suits followed: between December 2025 and February 2026, Rare Breed sued the remaining Defendants and other sellers of the same accused products.

Rare Breed's patent portfolio grew alongside its enforcement.  The '247 Patent and U.S. Patent No. 12,031,784 ("the '784 Patent") issued in July 2024.  U.S. Patent No. 12,529,538 ("the '538 Patent") followed on January 20, 2026, and U.S. Patent No. 12,578,159 ("the '159 Patent") on March 17, 2026.  U.S. Patent No. 12,636,403 ("the '403 Patent") issued on May 26, 2026.  As Defendants concede, the '403 Patent "could not have been pleaded in the existing operative complaints because it did not issue" until then.  (Mot. at 9.)

On May 26 and May 27, 2026, Rare Breed moved for leave to amend in each of the 13 actions to assert the Additional Patents.[5]  The '247 Patent, however, is pleaded in the operative complaint in every one of the 13 actions.  (*Id*. at 5 n.5.)  The motions to amend remain pending, and similar leave motions have already been granted in Rare Breed's related actions.  (*See, e.g.*, *ABC IP, LLC et al. v. Hawkphin Sales, LLC et al.*, No. 4:26-cv-00015, D.I. 26 (S.D. Iowa June 3, 2026) (granting Plaintiffs' motion for leave to file their Second Amended Complaint); *ABC IP, LLC et al. v. Hush Distribution, LLC*, No. 2:26-cv-00054, D.I. 18 (E.D. Tex. June 1, 2026) (granting Plaintiffs' motion for leave to amend their Complaint).)

---

[5]Notably, most of the pending motions do not seek to add four patents.  Seven of the thirteen seek to add only the newly issued '403 Patent; three seek to add the '159, '538, and '403 Patents; one seeks to add the '784 and '403 Patents; and two seek to add all four.  (*See* Mot. at 5 n.5.).

5

### III.   The Current Case.

The Judicial Panel on Multidistrict Litigation centralized Rare Breed's enforcement actions in this District on April 2, 2026, to eliminate duplicative discovery and to prevent inconsistent pretrial rulings, including on the appropriateness of injunctive relief.  (*In re Rare Breed Triggers Pat. Litig.*, MDL No. 3176, D.I. 44 (J.P.M.L. Apr. 2, 2026).)

On May 29, 2026—three days after the '403 Patent issued and shortly after moving to amend its pleadings—Rare Breed filed its Consolidated Motion for Preliminary Injunction against the 13 Defendant groups, seeking to enjoin continued sales of the accused products on the basis of the '247, '159, '538, '784, and '403 Patents.  (P.I. Mot. at 2 n.2.)  Certain Defendants responded with three motions, each seeking to defer any response to the injunction.  In the first motion, the Defendants moved to stay all response deadlines pending a conferral process and status conference.  (*See, e.g.*, *ABC IP, LLC et al. v. Optics Planet Inc.*, No. 4:26-cv-00521, D.I. 59 (E.D. Tex. June 4, 2026).)  In the second motion, the Defendants moved to stay the P.I. Motion pending two Federal Circuit appeals.  (*See, e.g.*, *ABC IP, LLC et al. v. Optics Planet Inc.*, No. 4:26-cv-00521, D.I. 60 (E.D. Tex. June 4, 2026).)  And in this Motion, Defendants ask the Court to hold the P.I. Motion in abeyance in its entirety, with no response deadline running, until the Court has decided every pending motion for leave to amend across all 13 actions—or, in the alternative, to strike the portions of the P.I. Motion that rest on patents not yet in the relevant operative complaint. (Mot. at 12–15.)[6]

---

[6]Defendants' certificate-of-conference objection (Mot. at 5 n.6) is no basis for abeyance. The email Defendants point to came from counsel for Atrius—the manufacturer of the Atrius Selector, against which Plaintiffs do not seek preliminary-injunction relief.  (*ABC IP, LLC et al. v. Optics Planet Inc.*, No. 4:26-cv-00521, D.I. 61-1 (E.D. Tex. June 4, 2026) ("Mot. Ex. A").) That email gave Atrius's position and asked Plaintiffs to identify the patents, claims, products, and relief at issue so Atrius could decide where it stood.  (*Id.*)  Because Plaintiffs do not seek to enjoin Atrius at this time, those questions did not bear on any meet-and-confer obligation for this motion.  Counsel for the Defendants targeted by the injunction confirmed the distinction the next

These cases remain at an early stage: no scheduling order has issued, the Court has not held a case-management conference, and discovery has not begun, save the expedited discovery the Court authorized at Rare Breed's request in the AS Designs action. (*Rare Breed Triggers, Inc. v. AS Designs*, No. 26-cv-370, D.I. 31 (E.D. Tex. May 1, 2026).) Rare Breed now opposes.

## ARGUMENT

Defendants seek an indefinite stay amounting to denial of Rare Breed's request for emergency relief, and the burden is theirs: a movant seeking to stay a pending motion must "first identify a pressing need" for the stay. *See Adaptix, Inc. v. AT&T Mobility, LLC*, No. 6:12-cv-120, 2013 WL 12158529, at *3 (E.D. Tex. Aug. 19, 2013) (quoting *In re Sacramento Mun. Util. Dist.*, 395 F.App'x 684, 687–88 (Fed. Cir. 2010)). Defendants identify none: as explained below, the leave motions on which their request turns are routine and decidable now, the Rules permit the Court to decide them and then the injunction on the amended pleadings, and each remedy Defendants propose is worse than the curable problem they describe.

## I. The Motions for Leave to Amend Are Routine, and Defendants Identify No Basis to Deny Them.

Defendants' entire theory of abeyance assumes that the pleading question is open, difficult, and worth waiting for. It is none of those things. Rule 15(a)(2) instructs that courts "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962), and the Fifth Circuit reads that standard as a "bias in favor of granting leave to amend." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

---

day, separating the "email from Atrius" from the reseller Defendants' position, and confirmed that his clients oppose both the injunction and the motions for leave to amend. (*ABC IP, LLC et al. v. Optics Planet Inc.*, No. 4:26-cv-00521, D.I. 61-2 (E.D. Tex. June 4, 2026) ("Mot. Ex. B").) The parties conferred; Defendants quarrel only with how Plaintiffs summarized it.

7

To briefly recap the separate motion-to-amend briefing, every factor favors leave here.  The amendments add recently-issued patents trademarks and new accused products that Defendants recently began selling—in each case, a run-of-the-mill amendment.  The patents read on the same accused technology already at the center of each action, so the amendments are not futile and work no surprise.  The cases are at an early stage: no scheduling order, no case-management conference, no discovery.  And Rare Breed moved promptly—in most cases within days, or even the same day, of new IP issuing.  The fact that Rare Breed had to recapitulate some earlier such motions that had been mooted by transfer does not negate that promptness.  Although Defendants say they oppose the leave motions, they never (neither here nor in the motion-to-amend briefing) identify any legitimate ground for denying them—not undue delay, not futility, not bad faith.  And similar leave motions have already been granted in Rare Breed's related actions.  (*See, e.g.*, *ABC IP, LLC et al. v. Hawkphin Sales, LLC et al.*, No. 4:26-cv-00015, D.I. 26 (S.D. Iowa June 3, 2026) (granting Plaintiffs' motion for leave to file their Second Amended Complaint); *ABC IP, LLC et al. v. Hush Distribution, LLC*, No. 2:26-cv-00054, D.I. 18 (E.D. Tex. June 1, 2026) (granting Plaintiffs' motion for leave to amend their Complaint).)  The merits of the leave motions are fully presented in that briefing, (*see, e.g.*, *ABC IP, LLC et al. v. Optics Planet Inc.*, No. 4:26-cv-00521, D.I. 49 (E.D. Tex. May 27, 2026)), and need not be repeated here.  What matters for this Motion is that nothing about the motions for leave justifies parking Rare Breed's request for emergency relief on an open-ended timetable.

## II.    The Court Can Grant Leave and Then Decide the Injunction on the Amended Pleadings—the Sequence the Rules Contemplate.

Once leave is granted, the amended complaint becomes the operative pleading, and the Rule 65 analysis proceeds on it.  That sequence is not, as Defendants put it, an "end-run around Rule 15." (Mot. at 11.)  It is Rule 15 and Rule 65 operating in order.  Courts routinely consider

motions for leave and preliminary injunctions in this order in similar circumstances. For example, in *NetJets*, the plaintiff moved for a preliminary injunction while its motion for leave to amend was pending; the court granted leave and considered the injunction on the amended allegations because "little to no prejudice" would result. *NetJets Ass'n of Shared Aircraft Pilots v. NetJets Aviation, Inc.*, 711 F. Supp. 3d 825, 833 (S.D. Ohio 2024); *see also Jackson Women's Health Org. v. Dobbs*, 379 F. Supp. 3d 549, 551–53 (S.D. Miss. 2019) (granting leave to add a claim and enjoining it in the same order), *aff'd*, 951 F.3d 246 (5th Cir. 2020), *abrogated on other grounds by Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215 (2022). In *NetJets*, the motion for injunction was already fully briefed when the court granted leave; the court's touchstone was not the state of the briefing but the absence of prejudice. The same touchstone controls here, where any prejudice has been removed twice over: Defendants have two additional weeks to respond, and Rare Breed has offered to reimburse their reasonable attorneys' fees for briefing the Additional Patents if leave is denied.

Defendants' authorities do not hold otherwise, and their lead cases defeat their argument. The rule from *Devose*, which the Ninth Circuit applied in *Pacific Radiation*, asks whether the requested injunction bears a relationship to the conduct asserted in the underlying complaint. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). The injunction in *Pacific Radiation* failed because it rested on an unpleaded privacy theory wholly unrelated to the plaintiff's unfair-competition claims—and the court identified the cure: the plaintiff "might have sought leave to amend its complaint," but never did. *Pac. Radiation*, 810 F.3d at 638. Rare Breed has moved to amend, and its injunction request has the required nexus: it targets the same accused products already at the

center of every action, and the Additional Patents supply additional grounds on which those same products infringe—not a new claim about different conduct. (P.I. Mot. at 23–28.)

Defendants' remaining nexus cases follow the same pattern: each refused an injunction aimed at conduct not pleaded and for which no motion to amend was pending. *See Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997) (affirming denial of preliminary injunction regarding a First Amendment issue as part of fraud claim, finding the preliminary injunction "relief was not of the same character that could be granted finally, and dealt with a matter that was wholly outside of the issues in the suit"); *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) (reversing grant of injunction in part because the requested injunction "is not an injunction in the cause, and it deals with a matter lying wholly outside the issues in the suit"); *Flores v. Sanders*, No. 6:21-cv-00145-JDL, 2022 WL 18276842, at *2 (E.D. Tex. May 12, 2022) (recommending denial of plaintiff's motion for preliminary injunction in part because the "request for injunctive relief is entirely unrelated to the allegations of his complaint"); *Thomas v. Linthicum*, No. 2:22-cv-00162-NGR, 2023 WL 9058519, at *4 (S.D. Tex. Sept. 12, 2023) (finding "Plaintiff's food claims is wholly untethered from his lawsuit concerning the denial of access to insulin"). None involved a movant who, like Rare Breed, had a pending motion to amend its complaint to bring the relevant claims into the case.

And in the two cases Defendants cite where a leave motion *was* pending, both courts ended by deciding the injunction—neither froze it. In *Harris*, the court decided the injunction motion with leave pending, referring to the original complaint. *Harris v. Daniels*, No. 2:22-cv-00293-CDS-NJK, 2023 WL 2472503, at *2 & n.1 (D. Nev. Feb. 27, 2023). In *Man Against Xtinction*, the court paused the injunction during amendment briefing for a reason absent here—the proposed amendment would have changed the scope of the requested injunctive relief—and then ruled on

the amendment and took up the injunction. *Man Against Xtinction v. Comm'r of Me. Dep't of Marine Res.*, 478 F. Supp. 3d 67, 70 & n.1 (D. Me. 2020).

Here, the amendments do not enlarge the relief sought. The scope of the requested injunction is fixed by the P.I. Motion, which identifies the accused products; the Additional Patents supply additional grounds on which those same products infringe. Defendants themselves concede the point in a footnote: a court facing a pending amendment can simply analyze the injunction motion on the operative complaint. (Mot. at 8 n.8.) Their own brief thus acknowledges that the alternative to abeyance is decision. Rare Breed asks for that same path—decide the pending leave motions, then resolve the injunction on the amended pleadings.

## III.   Deciding Leave and the Injunction Together Prejudices No One.

A pending motion to amend is no reason to stay an injunction motion unless deciding the two together would prejudice the opposing party. *See NetJets*, 711 F. Supp. 3d at 832–33. There is no prejudice here.

The cases are at an early stage, so the amendments upend no deadlines and no completed work. The '247 Patent is pleaded in every operative complaint, so Defendants must respond to the P.I. Motion however the Court rules on leave. Moreover, the supposed additional work for Defendants substantially overlaps work Defendants already owe, because the Additional Patents share the same technology and read on the same accused products as the '247 Patent. (P.I. Mot. at 17–28.) And only the '403 Patent is absent from every operative complaint; the others are already pleaded in several. (Mot. at 5 n.5.)

What remains is the cost of briefing the Additional Patents on the current schedule—a schedule the parties have already extended by two weeks by agreement. *Supra* Background ¶ III. And if the Court denies leave, Rare Breed has offered to reimburse Defendants' reasonable

11

attorneys' fees for that briefing. (Ex. 1.)[7] That removes the possibility of any undue prejudice. A claimed prejudice that has been scheduled around and indemnified against is not a pressing need for an indefinite stay.

## IV. Each Remedy Defendants Propose Is Worse Than the Curable Problem They Describe.

Defendants call the defect they identify "procedural and curable." (Mot. at 12.) Rare Breed agrees the Court can and should cure it, but do so by simply deciding the leave motions, not by adopting either remedy Defendants offer, both of which only enlarge the problem.

***Abeyance is an effective denial.*** Defendants ask that the P.I. Motion be held in abeyance "in its entirety" until the Court has decided every pending leave motion across all 13 actions, and that no Defendant's response deadline run in the meantime. (Mot. at 12, 15.) That is not a request for more time to respond—Defendants already have that, by agreement. It is a request never to start, on a timetable no one can predict, spanning 13 sets of leave briefing. A motion for emergency relief suspended onto no schedule is a denial in all but name: every week of abeyance is a week of the price erosion, lost market share, and lost customers the P.I. Motion seeks to halt. *Supra* Background ¶¶ I–II.

***Striking splinters one motion into thirteen.*** The alternative—striking the portions of the P.I. Motion that rest on patents not yet pleaded in each action—would fragment a single consolidated motion into 13 partial ones, each covering a different combination of patents against the same products. The Judicial Panel centralized these actions precisely to prevent inconsistent

---

[7]Defendants' reservation of "attorneys' fees and . . . sanctions under Rule 11" fails for the same reasons. (Mot. at 14.) Rule 11 reaches frivolous filings, not good-faith disputes over sequencing. Rare Breed moved for leave and then moved for the injunction within days of the '403 Patent's issuance, and offered to reimburse the very fees Defendants now invoke— diligence, not a sanctionable act. Defendants' own authorities confirm that courts routinely adjudicate injunction motions filed while leave is pending. *Supra* Part II.

12

pretrial rulings on injunctive relief and inefficiencies stemming from litigating factually similar cases separately, (*In re Rare Breed Triggers Pat. Litig.*, MDL No. 3176, D.I. 44 (J.P.M.L. Apr. 2, 2026)); patent-by-patent partial rulings create these exact harms.  Nor would striking resolve anything: once leave is granted, Rare Breed may seek the same relief on the Additional Patents—a second emergency motion, a second record, and a second round of briefing on the same accused products.  Deciding the leave motions now—and the injunction on the amended pleadings—means one motion, one record, one decision.

   ***The Atrius declaratory-judgment action is no substitute.***  Defendants suggest abeyance costs Rare Breed nothing because the '403 Patent is at issue in a declaratory-judgment action Atrius filed in the Western District of Texas.  (Mot. at 13.)  That action involves none of these 13 Defendants and none of their sales.  A patentee facing infringement by 13 reseller groups is not required to litigate its request for relief through a declaratory action filed by a separate party in that party's chosen forum.

## CONCLUSION

   For the reasons above, this Court should deny the motion, decide the pending amendment motions, and set the injunction for prompt briefing and decision.


 DATED: June 18, 2026                    Respectfully submitted,

                                        /s/ Matthew A. Colvin
                                        _____
                                        Matthew A. Colvin
                                        Texas Bar No. 24087331
                                        Carl E. Bruce
                                        Texas Bar No. 24036278
                                        **FISH & RICHARDSON P.C.**
                                        1717 Main Street, Suite 5000
                                        Dallas, TX 75201


13

E-mail: colvin@fr.com
       bruce@fr.com
Tel: (214) 747-5070
Fax: (214) 747-2091

Benjamin J. Christoff
DC Bar No. 1025635
**FISH & RICHARDSON P.C.**
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
E-mail: christoff@fr.com
Tel: (202) 783-5070
Fax: (202) 783-2331

Glenn D. Bellamy *(admitted pro hac vice)*
**WOOD HERRON & EVANS LLP**
600 Vine Street, Suite 2800
Cincinnati OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243
Fax: (513) 241-6234

Melissa R. Smith
Texas State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

*Attorneys for Plaintiffs*
*ABC IP, LLC and Rare Breed Triggers, Inc.*

14

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 18, 2026, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/ *Matthew A. Colvin*
Matthew A. Colvin